**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | No. 03-4022 |
| v. | (D. Utah) |
| LEOBARDO CRUZ-MENDEZ, also known as Jose Manuel Vacame-Ruiz, | (D.C. No. 2:02-CR-399-TC) |
| Defendant-Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.  The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

-1-

# I. BACKGROUND

Leobardo Cruz-Mendez pleaded guilty to illegal re-entry of a previously removed alien, in violation of 8 U.S.C. § 1326. Though Mr. Cruz-Mendez had a base offense level of eight, the district court applied a sixteen-level enhancement because Mr. Cruz-Mendez was deported after conviction of an aggravated felony. The court also granted Mr. Cruz-Mendez a three-level reduction for acceptance of responsibility, leaving him with a total offense level of twenty-one. On January 14, 2003, the district court sentenced Mr. Cruz-Mendez to sixty-four months' imprisonment, followed by thirty-six months' supervised release. This sentence falls within the middle of the fifty-seven to seventy-one month range provided by the Sentencing Guidelines based on Mr. Cruz-Mendez's offense level of twenty-one and his criminal history category of IV.

Mr. Cruz-Mendez now appeals his sentence, arguing that the district court erred in (1) calculating his sentencing guideline range, (2) imposing a sentence in the middle of the guideline range, and (3) ordering his sentence to run consecutively to a previously imposed sentence for violation of supervised release. Mr. Cruz-Mendez also argues that his counsel was ineffective.

Mr. Cruz-Mendez's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and has moved for leave to withdraw as counsel. The certificate of service indicates that Mr. Cruz-Mendez has been served with

the brief and motion; no response has been received from him, and the government has declined to file a response brief. We grant leave to withdraw and affirm the conviction.

## II. DISCUSSION

*Anders* holds that "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744. Counsel's request to withdraw must "be accompanied by a brief referring to anything in the record that might arguably support the appeal," and a copy of this brief must be served on the client. *Id.* Upon receiving an *Anders* brief, this court "proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Id.* We have fully examined the proceedings as required by *Anders* and conclude that this appeal is wholly without merit.

In calculating Mr. Cruz-Mendez's sentencing guideline range, the district court properly applied U.S.S.G. § 2L1.2, which establishes a base offense level of eight for aliens who illegally reenter the United States, *see* U.S.S.G. § 2L1.2(a), and provides for a sixteen-level enhancement if the defendant has previously been convicted of "a drug trafficking offense for which the sentence imposed exceeded 13 months." U.S.S.G. § 2L1.2(b)(1)(A)(i). Mr. Cruz-Mendez's 1995 conviction

for possession of a controlled substance with intent to distribute, for which he was sentenced to twenty-fours months' imprisonment, qualified him for the sixteen-level enhancement. The district court also correctly calculated Mr. Cruz-Mendez's criminal history category. The court determined that Mr. Cruz-Mendez had four criminal history points based on two prior drug convictions and then added two points because Mr. Cruz-Mendez committed the offense while under supervised release, *see* U.S.S.G. § 4A1.1(d), and one additional point because the offense was committed less than two years after he was released from custody. *See* U.S.S.G. § 4A1.1(e).

The court's imposition of a sentence in the middle of the guideline range was also proper. Though the United States did recommend as a part of the plea agreement that Mr. Cruz-Mendez be sentenced at the low end of the guideline range, that recommendation did not limit the court's discretion to sentence Mr. Cruz-Mendez within the guideline range. The sixty-four month sentence imposed was well within that range. Mr. Cruz-Mendez argues that the court should have explained its reasons for sentencing him in the middle rather than the low end of the guideline range; however, 18 U.S.C. § 3553(c) only requires a court to state its reasons for imposing a particular sentence when the sentence is outside the range or the range exceeds twenty-four months. That is not the case here.

At the time that he committed the instant offense, Mr. Cruz-Mendez was

serving a term of supervised release for his 1995 drug conviction. As a result of his illegal reentry, Mr. Cruz-Mendez's supervised release was revoked, and he was sentenced to nine months' imprisonment. Mr. Cruz-Mendez argues that the district court should have ordered his sentence for illegal reentry to run concurrently with his sentence for violation of supervised release, since both sentences were based on the same underlying conduct. *See* U.S.S.G.§ 5G1.3(b) (2002) (calling for concurrent sentencing when an "undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense").[1] "U.S.S.G. § 5G1.3(b)'s central aim is to ensure no defendant is punished twice for the same crime." *United States v. Moyer*, 282 F.3d 1311, 1316 (10th Cir. 2002) (internal quotation marks omitted).

In *Moyer*, we declined to apply U.S.S.G. § 5G1.3(b) where a defendant's conduct resulted in revocation of a term of probation and an additional sentence, because the original term of probation stemmed from a separate offense. *Id.* at 1317; s*ee also United States v. Tisdale*, 248 F.3d 964, 976-77 (10th Cir. 2001) (finding that U.S.S.G. § 5G1.3(c) provides the district court with the discretion to

---

[1] Section 5G1.3(b) was amended effective November 1, 2003. However, "[w]e ordinarily apply the version of the sentencing guidelines in effect at the time of sentencing." *United States v. Owens*, 70 F.3d 1118, 1130 (10th Cir. 1995). Accordingly, Mr. Cruz-Mendez may invoke the former version of § 5G1.3(b).

sentence a defendant consecutively or concurrently where the conduct giving rise to the instant offense resulted in revocation of probation). Moreover, at the time of Mr. Cruz-Mendez's sentencing, U.S.S.G. § 5G1.3, Application Note 6 (2002) specifically provided that

> [i]f the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense, and has had such probation, parole, or supervised release revoked, the sentence for the instant offense should be imposed to run consecutively to the term imposed for the violation of probation, parole, or supervised release.[2]

*See also* U.S.S.G. § 7B1.3(f) (policy statement) ("Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the same conduct that is the basis of the revocation of probation or supervised release.").

---

[2] This application note was amended effective November 1, 2003. Undischarged terms of imprisonment resulting from revocation of supervised release are now addressed in Application Note 3(C), which provides that

> [s]ubsection (c) applies in cases in which the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense and has had such probation, parole, or supervised release revoked. Consistent with the policy set forth in Application Note 4 and subsection (f) of § 7B1.3 (Revocation of Probation or Supervised Release), the Commission recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation.

U.S.S.G. § 5G1.3, Application Note 3(C) (2003).

Consequently, the district court was well within its discretion to order Mr. Cruz-Mendez's sentence for illegal reentry to run consecutively to his sentence for violation of supervised release.

As to Mr. Cruz-Mendez's ineffective assistance claim, we have held that, generally, "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995); *see also Massaro v. United States*, 123 S.Ct. 1690, 1694 (2003) ("In light of the way our system has developed, in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective-assistance."). We therefore decline to consider Mr. Cruz-Mendez's ineffective assistance claim in this direct appeal.

After careful review of the proceedings, we agree with counsel that no non-frivolous grounds for appeal appear on this record. Accordingly, we AFFIRM the conviction and GRANT Mr. Cruz-Mendez's counsel's request to withdraw. We DISMISS Mr. Cruz-Mendez's claim for ineffective assistance of counsel.

Entered for the Court,


Robert H. Henry
Circuit Judge

-7-