**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 27, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DEMAREO LAMONT DAVIS,

    Defendant-Appellant.

No. 06-5125

(D.C. No. CR-93-88-C)
(N. D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE, EBEL,** and **McCONNELL**, Circuit Judges.

---

Defendant Demareo Davis ("Davis") appeals from a sixty-month prison sentence imposed by the United States District Court for the Northern District of Oklahoma for violation of the terms of his supervised release. Davis argues that his sentence was not reasoned or reasonable because it exceeded the recommended guideline range and the district court did not adequately explain its reasoning for the sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

A jury found Davis guilty of Conspiracy to Commit Credit Union Robbery in

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

violation of 18 U.S.C. § 371 ("Count I"), Entering a Federally Insured Credit Union With Intent to Commit Armed Robbery and Aiding and Abetting in violation of 18 U.S.C. § 2113(a) and (d) ("Count II"), and Use of a Firearm During Commission of a Crime of Violence in violation of 18 U.S.C. § 924(c)(1) ("Count III"). Davis was sentenced to 156 months' imprisonment to be followed by sixty months of supervised release. On September 26, 2005, a petition to revoke Davis' supervised release was filed alleging several rule violations including, failure to submit required urinalysis specimens (five times) and testing positive for illegal drugs (seven times), frequenting a place where controlled substances are sold, criminal association, and failure to maintain lawful employment. Each of these violations was a Grade C violation. U.S.S.G. § 7B1.1(a)(3).

At his sentencing hearing, Davis admitted to these violations and asked for a twenty-four month sentence, arguing that his co-defendant in the matter had received a thirty-six month sentence for violations of supervised release, which had included the more serious violation of commission of a crime. The district court revoked Davis' supervised release and sentenced him to sixty months' imprisonment to be followed by thirty-six months of supervised release.[1] Noting that it had considered Chapter 7 of the

---

[1] The district court calculated this sentence by imposing twenty-four months for Count I, thirty-six months for Count II, and zero months for Count III. These sentences would run consecutively and were to be followed by thirty-six months of supervised release. Based on these Grade C violations and Davis' Criminal History Category of I, the sentencing guidelines recommended an advisory range of three to nine (3-9) months' imprisonment per count. See U.S.S.G. § 7B1.4(a).

The maximum sentence the district court could have imposed was eighty-four

(continued...)

United States Sentencing Guideline policy statements, the court stated that it imposed its sentence

> to protect the community, promote respect for the law, and provide just punishment for the violations. The sentence is based upon the serious nature of the violations, including the defendant's continued association with those engaged in criminal activity, his failure to maintain gainful employment, his use of illegal substances, and the Court also has taken into account [the fact that] the defendant absconded from the term of supervised release and did not report to the Probation Office for a period of seven months leading up to the arrest of April 20th of 2006. Record on Appeal ("ROA"), Vol. III at 6-7.

On appeal, Davis argues that his sentence is not reasoned or reasonable because it exceeded the recommended guideline range and the district court failed to articulate, other than referencing the sentencing guidelines, its reasoning for imposing such a severe sentence. "Under 18 U.S.C. § 3583(e)(3), when a person violates a condition of his or her supervised release, the district court may revoke the term of supervised release and impose prison time." United States v. Kelley, 359 F.3d 1302, 1304 (10th Cir. 2004). "Because there is no applicable sentencing guideline for the sentence to be imposed after a violation of supervised release, our standard of review is 'plainly unreasonable.'" Id. A

---

[1](...continued)
months (seven years). Pursuant to 18 U.S.C. § 3583(e)(3), the maximum custody term that can be imposed upon revocation of supervised release resulting from a Class B conviction (Count II) is thirty-six months. The maximum custody term that can be imposed upon revocation of supervised release resulting from a class D conviction (Counts I and III) is twenty-four months. Multiple custody terms imposed after revocation of supervised release may run concurrently or consecutively. 18 U.S.C. § 3584(a). If the district court had imposed the maximum term for each count and ordered those counts to run consecutively, this would have resulted in a maximum sentence of eighty-four months. The district court's sentence of sixty months is well below that maximum sentence.

sentence imposed in excess of that recommended by Chapter 7 of the United States Sentencing Guideline policy statements will be upheld "if it can be determined from the record to have been reasoned and reasonable." United States v. Rodriguez-Quintanilla, 442 F.3d 1254, 1258 (10th Cir. 2006). This analysis requires us to "review the district court's findings of fact for clear error and its legal interpretations of the Sentencing Guidelines de novo." Kelley, 359 F.3d at 1304.

"In imposing a sentence following revocation of supervised release, a district court is required to consider both Chapter 7's policy statements, as well as a number of other factors provided in 18 U.S.C. § 3553(a)."[2] United States v. Cordova II, 461 F.3d 1184, 1188 (10th Cir. 2006) (internal citations omitted); 18 U.S.C. §§ 3583(e) and 3584(b). "The sentencing court, however, 'is not required to consider individually each factor listed in § 3553(a)' nor is it required to 'recite any magic words to show us that it fulfilled

---

[2] The court may revoke a term of supervised release only "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7)." See 18 U.S.C. § 3583(e); Kelley, 359 F.3d at 1304, n.3. The relevant § 3553 factors include:
    (a)(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
    (a)(2) the need for the sentence imposed –
    (A) . . .
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(1), (a)(2)(B), (C), and (D).
Other relevant factors include pertinent guidelines, pertinent policy statements, the need to avoid unwanted sentence disparities, and the need to provide restitution. See 18 U.S.C. § 3553(a)(4), (5), (6), and (7).

its responsibility to be mindful of the factors that Congress has instructed it to consider' before issuing a sentence." Cordova, 461 F.3d at 1189 (citations omitted). Finally, a sentencing court does not need to make specific findings for each factor, but must state the reasons for its actions. United States v. Lee, 957 F.2d 770, 774-75 (10th Cir. 1992).

The court expressly stated that it had considered the Chapter 7 policy statements in determining Davis' sentence, noted that these statements are merely advisory, and then explained its rationale for imposing a sentence outside the guideline range. In addition, the record reveals that the district court adequately considered the relevant § 3553 sentencing factors. The court considered the nature and circumstances of the offense and the history and characteristics of the defendant in noting "the serious nature of the violations, including the defendant's continued association with those engaged in criminal activity, his failure to maintain gainful employment, his use of illegal substances" and his failure to report to the probation office for seven months. ROA, Vol. III at 6-7; 18 U.S.C. § 3553(a)(1). The court also explained that it imposed its sentence "to protect the community, promote respect for the law, and provide just punishment for the violations." See 18 U.S.C. § 3553(a)(2)(B) and (C) (requiring sentencing court to consider the need for the sentence imposed to afford adequate deterrence and protect the public from further crimes of the defendant). Finally, the district court had discretion to impose consecutive sentences. See 18 U.S.C. § 3584[3] and § 3553(a)(2)(A) (requiring sentencing court to

---

[3] "The court, in determining whether the terms imposed are to be ordered to run
(continued...)

consider the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense). Because the record reveals the district court considered the appropriate factors in sentencing Davis and his sentence did not exceed the statutory maximum, we conclude that his sentence was reasoned and reasonable under the circumstances of his case.

Based on the foregoing, we AFFIRM the district court's sentence.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

---

[3](...continued)
concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)." 18 U.S.C. § 3584(b). This provision does not exclude consideration of § 3553(a)(2)(A) as does § 3583(e).