**F I L E D**

**UNITED STATES COURT OF APPEALS**

**April 9, 2007**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTHONY M. SALOME,

Defendant - Appellant.

No. 06-3255

(D. Kansas)

(D.C. No. 97-CR-10053-WEB)

**ORDER AND JUDGMENT**[*]

Before **TACHA,** Chief Circuit Judge, **ANDERSON** and **BRORBY**, Circuit
Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Defendant/appellant Anthony Manuel Salome admitted violating the terms

of his supervised release, imposed following his service of a term of

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

imprisonment for a previous crime. The district court accordingly revoked his supervised release and sentenced him to twelve more months' imprisonment. Salome appeals that sentence.

Salome's appointed counsel, Steven Gradert, has filed an <u>Anders</u> brief and moved to withdraw as counsel. <u>See</u> <u>Anders v. California</u>, 386 U.S. 738 (1967). Salome has not filed a response, and the government has declined to file a brief. We therefore base our conclusion on counsel's brief and our own review of the record. For the reasons set forth below, we agree with Mr. Gradert that the record in this case provides no nonfrivolous basis for an appeal, and we therefore grant his motion to withdraw and dismiss this appeal.

### BACKGROUND

Salome pled guilty to obstructing commerce by robbery, in violation of 18 U.S.C. § 1951, and possession of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c), and, on September 19, 1997, was sentenced to serve eighty-two months' imprisonment, followed by three years of supervised release. On June 30, 2003, Salome was released from custody to begin serving his supervised release.

On July 16, 2004, Salome was arrested by Wichita, Kansas, police officers for burglary of a motor vehicle and theft. On April 19, 2005, Salome pled guilty to these charges and, on May 24, 2005, he was sentenced to serve eleven months'

imprisonment in state custody. While he was in Kansas state custody, Salome's

federal term of supervised release was placed on inactive status pending his

release.

On October 12, 2005, Salome was released from the Kansas Department of

Corrections to a work release facility in Wichita, to complete the service of his

sentence. On December 16, 2005, Salome did not return to the work release

facility and he was deemed to have escaped. He was returned to custody on

December 17, and as of the date that counsel's Anders brief was filed, October 6,

2006, a charge of aggravated escape from custody was pending against Salome in

state court.

On April 21, 2006, Salome was released from state custody and commenced

state parole. Salome failed, however, to report to the United States Probation

Office.[1] As one of the conditions for his original three-year term of supervised

release, Salome had been ordered to pay restitution in the amount of $42,706.54.

As of his revocation hearing, Salome had paid a total of $1294.06 and had missed

many of his monthly payments.

Accordingly, the Probation Office filed a petition alleging that Salome had

violated four conditions of his supervised release: two counts for failing to abide

by the prohibition that he not commit another violation of federal, state or local

---

[1]Salome's counsel stated at his revocation hearing on the violation of the terms of his supervised release that Salome was unaware he needed to report to the United States Probation Office.

crime, based upon his conviction for motor vehicle burglary and theft and for the then pending charge of aggravated escape from custody; one count for failing to report in person to the Probation Office upon his release from custody in the Kansas correctional facility; and one count for failure to make $100 monthly installments towards his restitution obligation. Salome made no objections to the Probation Office's petition.

The district court then revoked Salome's term of supervised release. The court noted that the highest grade of violation was a Grade B under the United States Sentencing Commission, Guidelines Manual ("USSG"), that his criminal history was category III, and that the advisory sentencing range under the Guidelines was eight to fourteen months. The court sentenced Salome to twelve months for counts one and two, to be served concurrently. No additional sentence was imposed for the remaining two counts. The court explained that "[a] sentence of incarceration will provide for punishment and deterrence from subsequent criminal behavior." Tr. of Supp. Release at 7, R. Vol. II. The court further observed that Salome "is not an appropriate candidate for voluntary surrender." Id. Salome endeavors to appeal that sentence.

**DISCUSSION**

Under Anders, "counsel [may] request permission to withdraw [from an appeal] where counsel conscientiously examines a case and determines that any

-4-

appeal would be wholly frivolous." United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005) (citing Anders, 386 U.S. at 744).  This process requires counsel to:

> submit a brief to the client and the appellate court indicating any potential appealable issues based on the record.  The client may then choose to submit arguments to the court.  The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous.  If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

Id. (citing Anders, 386 U.S. at 744).  As indicated, Salome's counsel has filed his Anders brief, to which neither Salome nor the government has responded.

We agree with counsel that there is no nonfrivolous issue related to Salome's sentence which could form the basis for an appeal.  Under 18 U.S.C. § 3583(e)(3) and Fed. R. Crim. P. 32.1(b), the district court may revoke a person's supervised release when that person violates a condition of his or her supervised release.  See United States v. Cordova, 461 F.3d 1184 (10th Cir. 2006).  Following that revocation, the district court may sentence the defendant to a term of imprisonment.  Thus, there is no argument to be made that the court erred in revoking Salome's supervised release and sentencing him to a term of imprisonment.

Nor is there any nonfrivolous argument to be made about the length of the sentence imposed.  "In imposing a sentence following revocation of supervised release, a district court is required to consider both Chapter 7's policy statements,

as well as a number of factors provided in 18 U.S.C. § 3553(a)." Cordova, 461 F.3d at 1188; see also 18 U.S.C. § 3583(e). The § 3553(a) factors include:

> [T]he nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence, protect the public, and provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner; pertinent guidelines; pertinent policy statements; the need to avoid unwanted sentence disparities; and the need to provide restitution.

United States v. Contreras-Martinez, 409 F.3d 1236, 1242 n.3 (10th Cir. 2005). The court, however, "is not required to consider individually each factor listed in § 3553(a)," nor must it "recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider." United States v. Rodriguez-Quintanilla, 442 F.3d 1254, 1258-59 (10th Cir. 2006) (internal quotations omitted). In this case, the court specifically stated it had "considered the nature and circumstances of these violations, the characteristics of the defendant, and the sentencing objectives required by the statute. The Court has also considered the Advisory Nonbinding Chapter 7 Policy Statement issued by the Sentencing Commission." Tr. of Supp. Release at 6, R. Vol. II. After reviewing the record, we are satisfied that the district court adequately considered the relevant factors.

Furthermore, we find no error with the length of the sentence imposed. According to the advisory Guidelines for revocation of supervised release, the recommended range for Salome's sentence was eight to fourteen months.

USSG §7B1.4(a). The court sentenced him within that range. The sentence was both reasoned and reasonable.

For the foregoing reasons, we GRANT counsel's motion to withdraw and we DISMISS this appeal.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge