**F I L E D**
**United States Court of Appeals
Tenth Circuit**

**August 1, 2007**

**Elisabeth A. Shumaker
Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

GERALD CHRISTOPHER CHAVEZ,

      Defendant-Appellant.

No. 07-1050

(D.C. No. 05-CR-0367-PSF)

(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, McKAY,** and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore,

ordered submitted without oral argument.

Defendant Gerald Christopher Chavez appeals from the twelve-month-and-one-

day sentence imposed by the district court for violation of the terms of his supervised

release. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

_____

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

In June 1994, Chavez was sentenced in the United States District Court for the Eastern District of California to a term of imprisonment of one-hundred-and-thirty months, to be followed by a sixty-month term of supervised release, for his conviction on one count of armed bank robbery. Chavez completed his term of imprisonment and began his term of supervised release in January 2005. In August 2005, jurisdiction over Chavez's term of supervised release was transferred from the sentencing court to the United States District Court for the District of Colorado. On April 10, 2006, Chavez's supervised release was revoked and he was sentenced to forty-six days of imprisonment, to be followed by a four-year term of supervised release. Chavez completed the forty-six-day term of imprisonment on May 25, 2006, and began serving the new term of supervised release.

On September 13, 2006, Chavez's probation officer petitioned the district court to again revoke Chavez's supervised release and return him to prison. The district court conducted a revocation hearing on January 24, 2007, during which the government presented the testimony of Chavez's probation officer and Chavez testified in his own defense. At the conclusion of the hearing, the district court found Chavez guilty of six violations, including failure to follow the instructions of his probation officer, failure to work regularly, three counts of possession and use of a controlled substance, and failure to participate in a drug and alcohol treatment program as directed by his probation officer. These violations, all of which were considered "Grade C" under the Sentencing

Guidelines, combined with Chavez's criminal history category of V, resulted in a suggested sentence of seven to thirteen months under § 7B1.4(a) of the Sentencing Guidelines. Chavez's attorney asked the district court "to strongly consider imposing a period of less than the 12 months . . . recommend[ed]" by the probation officer. ROA, Vol. III at 76. Alternatively, Chavez's attorney argued that "[i]f the Court [wa]s inclined to impose a sentence of around 12 months," it should impose "[a] Twelve-months-and-one-day sentence" in order to "make [Chavez] eligible . . . to receive good time." Id. at 80. The district court adopted this latter recommendation and imposed a sentence of "12-months-and-one-day." Id. at 83. In doing so, the district court stated:

> Well, this is a sad case. I was concerned about the defendant back in April, and concerned about his transition [from prison to supervised release]. Unfortunately, given the nature of his prior offenses, [he] wasn't considered for halfway house transition.
> I do agree with [defense counsel] that he has had a mixed record since getting out of custody. But ultimately, I realize that while this defendant has had transitional problems, to some extent he has not gone the extra step to make it work, not only because of the offenses that he has committed in violation of the conditions of probation, but also lack of communication with the – candid communication with the probation officer in this case.
> * * *
> I do think that he should be incentivized, as much as possible, to change his ways and behave as much as he can, and that will get him out sooner, perhaps a little over 10 months.

Id. at 82-83

## II.

Chavez argues on appeal that the district court erred at the time of sentencing because it "did not consider [18 U.S.C.] § 3553(a), either generally or specifically, before

-3-

imposing sentence on [him], nor did it state sufficient reasons for imposing the particular sentence." Aplt. Br. at 4. Because Chavez failed to assert these arguments below, we review them only for plain error. United States v. Lopez-Flores, 444 F.3d 1218, 1221 (10th Cir. 2006). Under plain error analysis, Chavez must establish (1) an error, (2) that is plain, (3) that affects his substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Olano, 507 U.S. 725, 732-34 (1993).

"In imposing a sentence following revocation of supervised release, a district court is required to consider both Chapter 7's policy statements, as well as a number of the factors provided in 18 U.S.C. § 3553(a)." United States v. Cordova, 461 F.3d 1184, 1188 (10th Cir. 2006) (internal citation omitted); see also 18 U.S.C. § 3583(e). The § 3553(a) factors include:

> [T]he nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence, protect the public, and provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner; pertinent guidelines; pertinent policy statements; the need to avoid unwarranted sentencing disparities; and the need to provide restitution.

United States v. Contreras-Martinez, 409 F.3d 1236, 1242 n. 3 (10th Cir. 2005). See 18 U.S.C. § 3553(a). The district court, however, "is not required to consider individually each factor listed in § 3553(a)," nor must it "recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider." United States v. Rodriguez-Quintanilla, 442 F.3d 1254, 1258-59 (10th Cir.

-4-

2006) (internal quotation marks omitted), (addressing a §3553 (a) challenge to a sentence imposed after revocation of supervised release.)

After examining the record on appeal, including the transcript of the revocation hearing, we conclude that the district court committed no error in sentencing Chavez. It is apparent from the record, as exemplified in the statements made by the district court on the record in imposing sentence, that the district court considered the relevant § 3553(a) factors, including the nature and circumstances of the violations committed by Chavez, his history and characteristics, and the need for the sentence imposed to simultaneously protect the public and provide Chavez with incentives to positively alter his pattern of behavior. The fact that the district court did not expressly cite to § 3553(a) or quote therefrom in imposing sentence is irrelevant. It is also apparent from the record that the district court took into account the Chapter Seven policy statements in determining what sentence to impose on Chavez. Indeed, the sentence actually imposed by the district court was within the seven-to-thirteen-month range suggested by the Chapter Seven policy statements, and thus is presumptively reasonable. See United States v. Kristl, 437 F.3d 1050, 1055 (10th Cir. 2006).

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge