**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 9, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

SHERRY LEONHARDT,

    Defendant-Appellant.

No. 08-8027
(D.C. No. 2:07-CR-144-CAB-1)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

---

Sherry Leonhardt appeals her two concurrent sentences of 10 months'
imprisonment imposed following her plea of guilty to one count of making false
statements in connection with a bank loan application in violation of 18 U.S.C.
§ 1014 and one count of misuse of a social security number in violation of 42
U.S.C. § 408(a)(7)(B). In a brief filed pursuant to Anders v. California, 386 U.S.
738 (1967), Leonhardt's counsel asserts that there are no nonfrivolous arguments

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 32.1.

for presentation on appeal and moves for leave to withdraw.  Because we agree

that there are no meritorious issues for appeal, we affirm Leonhardt's convictions

and sentences and grant counsel's motion to withdraw.  We have jurisdiction

under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

**I**

Leonhardt was indicted on five counts of misuse of a social security

number and four counts of making false statements in connection with bank loan

applications.  Pursuant to a plea agreement, Leonhardt pleaded guilty to one count

of each, and the remaining seven counts were dismissed.  As part of that plea

agreement, the parties stipulated that the loss to the victims was less than

$70,000.  According to the presentence report ("PSR"), Leonhardt's United States

Sentencing Guidelines ("Guidelines") base offense level was 7.[1]  See U.S.S.G.

§ 2B1.1(a)(1)(B) (providing a base offense level of 7 for fraud offenses that have

statutory maximum terms of imprisonment of at least twenty years); 18 U.S.C.

§ 1014 (providing a maximum term of imprisonment of thirty years).  Because it

calculated the loss to the victims as slightly greater than $70,000, the PSR

recommended, notwithstanding the plea agreement stipulation, an eight-level

---

[1] Because they were closely related, the PSR grouped the two charges together and performed a single Guidelines range calculation.  See U.S.S.G. § 3D1.2.

enhancement.[2] U.S.S.G. § 2B1.1(b)(1)(E) (providing an eight-level enhancement for a victim loss of more than $70,000 but less than $120,000). Leonhardt's offense level was then reduced by two levels for acceptance of responsibility. § 3E1.1(a). Accordingly, the PSR calculated Leonhardt's advisory Guidelines sentencing range using offense level 13 and criminal history Category II, resulting in a range of 15-21 months' imprisonment. See Ch. 5, Pt. A (Sentencing Table).

At sentencing, the district court adopted the Guidelines calculation performed in the PSR. After discussing the need for specific deterrence and Leonhardt's personal family circumstances and criminal history, the court varied downward, imposing identical concurrent sentences of 12 months and one day. The court found that these sentences were "sufficient but not greater than necessary to address all purposes of sentencing" as required by 18 U.S.C. § 3553(a).

After these sentences were imposed, however, Leonhardt moved for rehearing on sentencing, arguing that the court had miscalculated the loss incurred by the victims because the government stipulated in the plea agreement that such loss was less than $70,000. See U.S.S.G. § 2B1.1(b)(1)(D) (providing a six-level enhancement for a victim loss of more than $30,000 but less than

---

[2] Although Leonhardt pleaded guilty to counts involving only two institutions, this calculation included losses to each of the institutions from which she fraudulently obtained loans.

$70,000). Rehearing was granted. The court recalculated the loss amount, deferring to the stipulation in the plea agreement, and reduced Leonhardt's offense level to 11, which resulted in an advisory Guidelines range of 10-16 months' imprisonment. The district court then imposed sentences at the low end of the Guidelines range—concurrent 10 months terms of imprisonment on each count. Leonhardt also received concurrent three- and five-year terms of supervised release and was required to pay $200 in special assessments and $64,950.76 in restitution. This appeal followed.

## II

If an attorney examines a case and determines that any appeal would be wholly frivolous, counsel may "so advise the court and request permission to withdraw." Anders, 386 U.S. at 744. Counsel must submit a brief to the appellate court, pointing to anything in the record that could potentially present an appealable issue. Id. The client must be "furnished" with a copy of the brief and may then choose to offer additional argument to the court. Id. If, upon complete examination of the record, the court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal. Id.

Acting pursuant to Anders, counsel in the present case filed such a brief. Counsel's brief contains a certificate of service indicating the Leonhardt was served by mail with a copy thereof. Leonhardt has not filed a pro se response. The only arguably appealable grounds raised in defense counsel's brief—and the

only such grounds we discern in the record—are (1) the voluntariness of Leonhardt's plea and (2) the reasonableness of her sentences.

## A

Counsel's Anders brief raises the possible argument that Leonhardt's plea was not knowing or voluntary. After our review of the record, we agree that this issue is meritless. The district court complied with the dictates of Federal Rule of Criminal Procedure 11. Leonhardt was apprised of the rights she waived by pleading guilty and indicated she understood these rights. She was expressly asked whether her plea was voluntary, and she answered that it was and that no one had forced her to enter a guilty plea. Leonhardt further stated that she discussed the plea agreement with her attorney and understood its contents. Finally, she admitted to the facts constituting the elements of her crimes of conviction. There is accordingly no basis on which to conclude that Leonhardt's guilty plea was not knowing or voluntary, and any appeal on that ground would be frivolous.

## B

"Reasonableness includes a procedural component, which includes how the sentence was calculated, and [a] substantive component concerning the length of the sentence actually imposed." United States v. Sutton, 520 F.3d 1259, 1262 (10th Cir. 2008). When a district court correctly calculates a defendant's Guidelines range based on factual findings that are not clearly erroneous and

imposes a sentence within that range, the sentence is entitled to a presumption of reasonableness on appeal. Id.; see Rita v. United States, 127 S. Ct. 2456, 2462 (2007). We defer to the district court's determinations of weight given to the 18 U.S.C. § 3553(a) factors. United States v. Smart, 518 F.3d 800, 808 (10th Cir. 2008).

From our independent review of the record, we discern only one arguable procedural error in the Guidelines calculation described above. Leonhardt pleaded guilty to conduct involving two loans, from two separate institutions, resulting in a total victim loss of between six and seven thousand dollars. But she was ultimately sentenced based on a total of just less than $70,000 in victim loss, including losses that resulted from all nine counts with which she was originally charged. The additional losses arose from other fraudulently-obtained loans taken from different lenders than those involved in her offenses of conviction. While a sentencing judge may consider all conduct sufficiently related to the offense of conviction, United States v. Allen, 488 F.3d 1244, 1254-55 (10th Cir. 2007), Leonhardt might plausibly have argued that the losses caused by conduct underlying the seven dismissed counts were not sufficiently related to the conduct for which she was convicted.

Nonetheless, we need not determine whether the district court erred in including victim loss from all counts charged because any error was invited. "[T]he invited-error doctrine precludes a party from arguing that the district court

erred in adopting a proposition that the party had urged the district court to adopt." United States v. DeBerry, 430 F.3d 1294, 1302 (10th Cir. 2005). In this case, when the amount of loss was discussed at Leonhardt's change of plea hearing, her lawyer indicated that "there were other loans obtained in counts that will be dismissed, but will still be relevant conduct." In that statement, Leonhardt's counsel affirmatively urged the court to consider the amount of the other loans as relevant conduct at sentencing. Counsel then continued to urge a loss calculation including these loans throughout sentencing and resentencing. Because any possible error was thus invited, Leonhardt may not raise this issue on appeal, and any attempt to do so would be frivolous. See, e.g., United States v. Fields, 516 F.3d 923, 939 (10th Cir. 2008); see also United States v. Carrasco-Salazar, 494 F.3d 1270, 1273 (10th Cir. 2007) (holding that a claim of procedural sentencing error may be waived); United States v. Teague, 443 F.3d 1310, 1314-15 (10th Cir. 2006) (holding that invited error is a form of waiver, which we will not review even for plain error, pursuant to United States v. Olano, 507 U.S. 725, 732-33 (1993)).

In all other respects, the Guidelines calculation was correct. Moreover, the district judge expressly recognized his ability to vary from the Guidelines range—indeed, Leonhardt's original sentences included just such a variance. We thus discern no nonfrivolous argument that reversible procedural sentencing error occurred.

As for substantive reasonableness, we begin with the presumption of reasonableness for these sentences at the bottom of the Guidelines range. The district court expressly concluded at resentencing that there was no reason to deviate from the Guidelines as properly calculated. We defer to that analysis, and we see no evidence to rebut the presumption of substantive reasonableness.

## III

Because Leonhardt has failed to present us with any meritorious grounds for appeal, we **GRANT** defense counsel's motion to withdraw and **AFFIRM** Leonhardt's convictions and sentences.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge