**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 26, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CESAR GUSTAVO PAYAN-CARRILLO,

    Defendant - Appellant.

No. 22-2072
(D.C. No. 2:22-CR-00672-MIS-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **KELLY**, and **ROSSMAN**, Circuit Judges.[**]
_____

Defendant-Appellant Cesar Gustavo Payan-Carrillo challenges the district

court's imposition of an 18-month consecutive sentence for violation of his

conditions of supervised release. That sentence runs consecutive to a 24-month

sentence imposed for his 2021 unlawful reentry. United States v. Cesar Gustavo

Payan-Carrillo, No. 22-CR-89 (D.N.M. June 1, 2022) (ECF No. 30). Mr. Payan-

Carrillo does not challenge the 2021 unlawful reentry sentence as that sentence was

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

imposed pursuant to a fast-track plea agreement with an appeal waiver.  Anders Br. at 1; 2 R. 15.  Mr. Payan-Carrillo's counsel has moved to withdraw and filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), submitting that there are no meritorious issues on appeal.  On review of the record and the law, we agree. Therefore, we grant counsel's motion to withdraw and dismiss the appeal.

## Background

On or about September 8, 2021, Mr. Payan-Carrillo illegally reentered the United States in violation of 8 U.S.C. § 1326(a) & (b), as well as in violation of his supervised release imposed in a 2016 unlawful reentry case.  1 R. 22–23.  The district court held a joint hearing on the revocation matter and sentencing in the 2021 reentry case.  At the hearing, the court found Mr. Payan-Carrillo voluntarily admitted to the violation and waived his right to a hearing in connection with the violation report. 2 R. 3–4.  The court considered Mr. Payan-Carrillo's argument that past convictions may have resulted in overly punitive sentences based on incorrect treatment of a past marijuana charge as an aggravated felony but was also concerned about his past dangerous behavior associated with prior convictions.  Id. 10–12, 16–17.

## Discussion

Under Anders, counsel may request permission to withdraw if upon thorough examination of the record, counsel finds no non-frivolous basis for an appeal.  United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005).  After counsel submits a brief

2

describing any potential appealable issues to the court and to her client, the defendant may then file a response containing his own arguments. Id. Despite being notified of his entitlement and granted additional time to do so, Mr. Payan-Carrillo did not file a response to counsel's Anders brief. The government also declined to file a response.

Counsel's Anders brief identifies two potentially appealable issues: (1) the procedural and substantive reasonableness of the revocation sentence and (2) abuse of the district court's discretion in running the revocation and reentry sentences consecutively. Anders Br. at 3. We have conducted our own examination of the record, see Calderon, 428 F.3d at 930, and after having done so, we can discern no non-frivolous basis for an appeal.

**A. Reasonableness of the revocation sentence**

As no procedural issues were raised at the sentencing hearing, we would review the procedural reasonableness of Mr. Payan-Carrillo's revocation sentence for plain error. United States v. Gantt, 679 F.3d 1240, 1246 (10th Cir. 2012). We would generally review a sentence's substantive reasonableness for abuse of discretion, but a sentence imposed after revocation of supervised release is generally upheld unless "plainly unreasonable." Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Rodriguez-Quintanilla, 442 F.3d 1254, 1256–57 (10th Cir. 2006). Here, the district court indicated that it had reviewed the violation report and the sentencing factors applicable to supervised release violations. 2 R. 15. The court then calculated Mr. Payan-Carrillo's advisory Guidelines range. Id. 16. Defendant's new reentry offense constituted a Grade B violation of his supervised release, and, with a

criminal history category of IV, Mr. Payan-Carrillo's Guidelines range was 12 to 18 months. U.S.S.G. § 7B1.4(a). The court thus correctly calculated the advisory Guidelines range and sentenced Mr. Payan-Carrillo within it. See 2 R. 16. Therefore, the sentence is entitled to a presumption of reasonableness. See Rita v. United States, 551 U.S. 338, 347 (2007); United States v. Leonhardt, 301 F. App'x 817, 820 (10th Cir. 2008) (unpublished). We discern no procedural error to rebut that presumption, much less one that is plain. Likewise, we see no nonfrivolous basis to challenge the court's exercise of its discretion in imposing a Guidelines-range sentence.

**B. The decision to order the sentences consecutively**

We would also review the decision to order consecutive sentences for abuse of discretion. Rodriguez-Quintanilla, 442 F.3d at 1256. And, as earlier stated, a sentence imposed after revocation of supervised release is generally upheld unless "plainly unreasonable." Id. at 1256–57. In addition to the factors outlined in 18 U.S.C. § 3553(a), the court's discretion to order sentences consecutively or concurrently is informed by applicable policy statements of the United States Sentencing Commission. Id. Relevant here, U.S.S.G. § 7B1.3(f) states that

> [a]ny term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

4

18 U.S.C. § 7B1.3(f).  The defendant carries the burden to demonstrate why ordering consecutive sentences would be an abuse of discretion.  Rodriguez-Quintanilla, 442 F.3d at 1256.

According to the record, after indicating its concerns and considering both parties' arguments, the district court explained its rationale for ordering the sentences successively.  The district court had sentenced Mr. Payan-Carrillo to the low end of the advisory Guidelines in the 2021 unlawful reentry case but remained concerned about his past dangerous behavior.  2 R. 7, 16–17.  For these reasons, it determined that a Guidelines-range, consecutive sentence in the revocation case was warranted.  Id. 16.  We can see no reason to challenge the district court's exercise of its authority.  See United States v. Contreras-Martinez, 409 F.3d 1236, 1241–42 (10th Cir. 2005).  Thus, there is no perceivable basis for appeal.

APPEAL DISMISSED. Counsel's motion to withdraw is GRANTED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge