**UNITED STATES COURT OF APPEALS**

April 28, 2009

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MARCO CUEVAS-RODRIGUEZ,

        Defendant - Appellant.

No. 08-2132
(D. Ct. No. 1:05-CR-00485-WJ-17)
(D. N. Mex.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Marco Cuevas-Rodriguez appeals his eight-month sentence for violation of supervised release, which the district court ordered to run consecutively to a forty-six month sentence for illegal re-entry of a removed alien. Finding no meritorious grounds for an appeal, Mr. Cuevas-Rodriguez's counsel has moved to withdraw pursuant to

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Anders v. California*, 386 U.S. 738 (1967). Previously, we denied counsel's motion to withdraw for lack of support. We also ordered supplemental briefing, which counsel has provided. After reviewing the supplemental brief and conducting an independent review of the record, we agree with counsel that there are no meritorious appellate issues. We therefore GRANT counsel's motion to withdraw and AFFIRM Mr. Cuevas-Rodriguez's sentence.

## I.  BACKGROUND

In 2005, Mr. Cuevas-Rodriguez pleaded guilty to conspiring to distribute heroin, in violation of 21 U.S.C. § 846, § 841(a)(1) and § 841(b)(1)(C). He was sentenced to eighteen months' imprisonment, followed by three years of supervised release. After serving his prison sentence, Mr. Cuevas-Rodriguez was deported to Mexico. The terms of his release prohibited him from returning to the United States without the approval of the Attorney General.

In 2007, Mr. Cuevas-Rodriguez was found in the United States and charged with illegal re-entry of a removed alien. *See* 8 U.S.C. § 1326(a). He pleaded guilty under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The agreement set the applicable range under the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") at forty-six to fifty-seven months' imprisonment. Mr. Cuevas-Rodriguez also waived his right to appeal. In addition, Mr. Cuevas-Rodriguez admitted to violating the terms of his supervised release by entering the United States without permission. The applicable Guidelines range for that offense was eight to fourteen months. Through counsel, Mr.

Cuevas-Rodriguez requested that he be sentenced to eight months on the supervised release violation, to run concurrently with the sentence for illegal re-entry.

On April 28, 2008, the district court accepted the plea agreement. The court sentenced Mr. Cuevas-Rodriguez to forty-six months on the illegal re-entry charge and to eight months for violation of supervised release, with the sentences to run consecutively (a total of fifty-four months).

## II. DISCUSSION

The only possible bases for this appeal are the length of Mr. Cuevas-Rodriguez's sentence for violating supervised release and the decision to run that sentence consecutively with the sentence for illegal re-entry. We review sentences for reasonableness. *United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006). When a defendant is sentenced within a properly calculated Guidelines range, the sentence "is entitled to a rebuttable presumption of reasonableness." *Id.* at 1054. "The defendant may rebut this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in [18 U.S.C.] § 3553(a)." *Id.* at 1055. Mr. Cuevas-Rodriguez's counsel asserts that the district court calculated the Guidelines range properly and made no other procedural errors. We agree, and thus we presume the sentence to be reasonable. We further find that the § 3553(a) factors do not provide a basis for rebutting the presumption in this case. Accordingly, the eight-month sentence is reasonable.

Generally, we review for abuse of discretion a district court's decision to impose

consecutive sentences. *United States v. Rodriguez-Quintanilla*, 442 F.3d 1254, 1256 (10th Cir. 2006). However, when a defendant is sentenced consecutively for immigration and supervised release violations, we sometimes apply a heightened standard of review, affirming the district court unless its decision was "plainly unreasonable." *Id.* at 1257. In this case, we need not flesh out the standard of review because the sentence would be affirmed under either standard. The Guidelines state that a prison term after the revocation of supervised release shall run consecutively with any other sentence that the defendant is serving. U.S.S.G. § 7B1.3(f). Although the Guidelines are advisory, it is neither an abuse of discretion nor unreasonable to follow them. As Mr. Cuevas-Rodriguez's counsel notes, it "was clearly a decision [the judge] was entitled to make."

## III. CONCLUSION

We agree that there is no meritorious basis for an appeal of Mr. Cuevas-Rodriguez's sentence, and therefore we GRANT counsel's motion to withdraw. We AFFIRM Mr. Cuevas-Rodriguez's eight-month sentence for violation of supervised release, as well as the district court's decision to run his two sentences consecutively.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge

- 4 -