**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 3, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERTO RODRIGUEZ-
QUINTANILLA,

Defendant - Appellant.

No. 05-2043

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D. Ct. No. CR-04-1880 JC)**

---

Brian A. Pori, Inocente, P.C., Albuquerque, New Mexico, appearing for
Appellant.

Norman Cairns, Assistant United States Attorney (David C. Iglesias, United
States Attorney, with him on the brief), Office of the United States Attorney for
the District of New Mexico, Albuquerque, New Mexico, appearing for Appellee.

---

Before **TACHA**, Chief Circuit Judge, **ANDERSON**, and **HARTZ**, Circuit Judges.

---

**TACHA**, Chief Circuit Judge.

On September 15, 2004, Defendant-Appellant Roberto Rodriguez-

Quintanilla pleaded guilty to illegal reentry subsequent to deportation for an

aggravated felony in violation of 8 U.S.C. §§ 1326(a) and (b)(2) and was sentenced to thirty months' imprisonment. When Mr. Rodriguez-Quintanilla committed this reentry violation, he was already serving a period of supervised release pursuant to a prior conviction for illegal reentry into the United States. The most recent reentry violated the conditions of his supervised release. Accordingly, Mr. Rodriguez-Quintanilla's supervised release for the prior offense was revoked and he was ordered to serve an additional fifteen months' imprisonment for violating the terms of his supervised release, to be served consecutively to the thirty-month term imposed for the instant illegal reentry. *See* U.S.S.G. § 7B1.3(f). On appeal, Mr. Rodriguez-Quintanilla argues that the District Court erred in imposing a consecutive, rather than concurrent, sentence for the violation of his supervised release. We take jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

## I. BACKGROUND

In October 1999, Mr. Rodriguez-Quintanilla pleaded guilty in the Southern District of Texas to reentering the United States after he had previously been deported for committing an aggravated felony. *See* 18 U.S.C. § 1326(b)(2). Mr. Rodriguez-Quintanilla was sentenced to fifty-seven months' imprisonment, followed by a three-year term of supervised release which included a provision that he not return to the United States. After serving the prison sentence, Mr. Rodriguez-Quintanilla was deported to Mexico on August 27, 2003, where he

began serving his term of supervised release.[1]

Less than one year later, Mr. Rodriguez-Quintanilla was arrested in New Mexico after he was again found to be in the United States illegally. He once again pleaded guilty to illegal reentry subsequent to deportation for an aggravated felony, and, this time, he was sentenced to thirty months' imprisonment by the District of New Mexico. Thereafter, a probation officer in the Southern District of Texas filed a petition with the District of New Mexico to revoke Mr. Rodriguez-Quintanilla's supervised release. The District of New Mexico assumed jurisdiction over the petition and held a hearing on the matter. Mr. Rodriguez-Quintanilla admitted at the hearing that he had reentered the country in violation of the terms of his supervised release. The District Court then granted the petition and imposed a fifteen-month sentence to run consecutively to the thirty-month sentence for the instant reentry offense. *See* U.S.S.G. § 7B1.3(f). On appeal, Mr. Rodriguez-Quintanilla argues the District Court abused its discretion in imposing a consecutive sentence and that the consecutive sentence is unreasonable after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005).

## II. DISCUSSION

Under 18 U.S.C. § 3584(a), a district court has the discretion to impose

---

[1]The Government notes that this release was actually unsupervised as Mr. Rodriguez-Quintanilla had been deported.

consecutive or concurrent sentences. *United States v. Russell*, 905 F.2d 1450, 1457 (10th Cir. 1990). The district court's discretion is guided by the factors delineated by 18 U.S.C. § 3553(a), *see id.* (citing 18 U.S.C. § 3584(b)), which include the characteristics of the offense and the defendant, the need for deterrence and the protection of the public, and, in cases involving a violation of supervised release, "the applicable guidelines or policy statements issued by the Sentencing Commission." 18 U.S.C. § 3553(a). Like the post-*Booker* Guidelines, policy statements regarding supervised release are advisory in nature. *United States v. Contreras-Martinez*, 409 F.3d 1236, 1240 (10th Cir. 2005). The applicable policy statement contained in § 7B1.3(f) recommends that:

> Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

Therefore, the District Court's order requiring Mr. Rodriguez's fifteen-month sentence to run consecutively with the thirty-month sentence is in accordance with the advisory policy statement contained in § 7B1.3(f). In such a case, the defendant bears the burden to demonstrate that the District Court should exercise its discretion to impose concurrent sentences in spite of that statement. *United States v. Urcino-Sotello*, 269 F.3d 1195, 1197 (10th Cir. 2001).

This Court, prior to *Booker*, has applied two different standards of review

to determine whether a district court erred in fashioning a sentence for violation of supervised release. Generally, multiple sentences imposed consecutively should be reviewed for an abuse of discretion. *See, e.g., United States v. Williams*, 46 F.3d 57, 58 (10th Cir. 1995). But a sentence imposed after a defendant violates a term of supervised release should be reviewed under the "plainly unreasonable" standard set forth at 18 U.S.C. § 3742(e). *See United States v. Kelley*, 359 F.3d 1302, 1304 (10th Cir. 2004).[2] Because these two scenarios may coexist, we have at times applied the "plainly unreasonable" standard of review—rather than an abuse of discretion standard—to the imposition of consecutive sentences for immigration and supervised release violations. *See Contreras-Martinez*, 409 F.3d at 1239, 1240–41.

Despite this apparent incongruence in our precedent on the matter, the two standards of review are quite similar. As in a review for abuse of discretion, in determining whether a sentence imposed after revocation of a term of supervised release is "plainly unreasonable" under § 3742(e), the district court is required to consider the factors set forth in § 3553(a). *Kelley*, 359 F.3d at 1304. Accordingly, we have held that following the policy statement set forth in § 7B1.3(f) and sentencing a defendant to consecutive sentences following the revocation of supervised release is not unreasonable. *Contreras-Martinez*, 409

---

[2]Under this standard of review, "we will not reverse [a sentence] if it can be determined from the record to have been reasoned and reasonable." *Kelley*, 359 F.3d at 1304 (quotations omitted).

F.3d at 1241.

In the time after the sentences were handed down in *Russell*, *Kelley*, and *Contreras-Martinez*, however, the Supreme Court in *United States v. Booker* determined that the Sentencing Guidelines are unconstitutional. 543 U.S. 220, 245 (2005). In the remedial portion of *Booker*, the Court excised § 3742(e), as well as the section of the Guidelines making their application mandatory. *Id.* at 258–262. In so doing, it announced a new standard of review—that of "reasonableness." *Id.* at 262; *United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006). This standard of review, like the two standards aforementioned, also mandates district courts to consider the § 3553(a) factors in sentencing criminal defendants. *Id.* at 261. A sentence in accord with the now-discretionary Guidelines is entitled to a rebuttable presumption of reasonableness. *Kristl*, 437 F.3d at 1054.

Given the excision of § 3742(e) and the similarity among all three standards of review, it is not surprising that at least two courts of appeals have held that *Booker* requires appellate courts to apply *Booker*'s new reasonableness standard even in revocation of supervised release cases where the imposition of new sentences has always been discretionary. *See United States v. Edwards*, 400 F.3d 591, 593 (8th Cir. 2006) (per curiam); *United States v. Cotton*, 399 F.3d 913, 916 (8th Cir. 2005); *United States v. Fleming*, 397 F.3d 95, 97–99 (2nd Cir. 2005); *see also United States v. Johnson*, 403 F.3d 813, 816 (6th Cir. 2005)

(discussing the appropriate standard of review after *Booker*).

This Court has not heretofore discussed the effect of *Booker* in the present situation. We have hinted, however, that the prior standards of review survive *Booker*. For example, in a case presenting an appeal as to the *length* of a single sentence imposed after the revocation of supervised release—as opposed to a case involving whether a sentence imposed after the revocation of supervised release should run *consecutively* to another sentence—this Court stated:

> Although the Supreme Court's decision in *United States v. Booker* altered our standard of review for most sentencing cases, the standard of review for cases where the defendant challenges the revocation of her supervised release remains the same. *See United States v. Booker*, [543] U.S. [220] (citing *United States v. Tsosie*, 376 F.3d 1210, 1218–19 (10th Cir.2004), as an example of an application of the reasonableness standard of review). Hence, in this case, we will follow the law as articulated by *Tsosie*, wherein we stated that imposition of a sentence in excess of that recommended by the Chapter 7 policy statements of the Sentencing Guidelines will be upheld "if it can be determined from the record to have been reasoned and reasonable." *Tsosie*, 376 F.3d at 1218 (internal quotation omitted).

*United States v. Tedford*, 405 F.3d 1159, 1161 (10th Cir. 2005). Similarly, in *Conteras-Martinez*, we did not specifically apply the abuse of discretion standard in a review of the imposition of consecutive sentences for immigration and supervised release violation. Instead, we stated that we would affirm if the sentence was "reasoned and reasonable." 409 F.3d at 1241. Nevertheless, we repeatedly referred to the district court's discretion to impose concurrent sentences. We stated that the district court "committed no error in *exercising its*

*discretion* and sentencing Mr. Contreras to consecutive terms of imprisonment," *id.* (emphasis added), "[t]he district court was *well within its discretion* to order Mr. Contreras' sentence for violation of his supervised release to run consecutively to his sentence for illegal reentry," *id.* (emphasis added), "[a] court faced with a violation of supervised release is required to 'consider' various factors . . . *in exercising its discretion* in sentencing," *id.* at 1242 (emphasis added), and that "in *exercising its discretion* to impose consecutive sentences, the district court committed no error," *id.* at 1243 (emphasis added).

As it now stands, the relationship between the abuse of discretion standard, the "plainly unreasonable" standard and the post-*Booker* "reasonableness" standard is less than crystal clear. *See id.* at 1241 ("The district court was well within its discretion to order Mr. Contreras' sentence for violation of his supervised release to run consecutively to his sentence for illegal reentry. In other words, the court's election to apply the Chapter 7 advisory policy statement exactly as written was not unreasonable."). At this time, however, we need not establish the exact contours of our post-*Booker* standard of review when reviewing a district court's decision to impose consecutive sentences after the revocation of supervised release pursuant to § 7B1.3(f). Given the facts of this case, we are satisfied that the District Court neither abused its discretion in applying Chapter 7 exactly as written, nor did it impose an unreasonable sentence in doing so. *See Contreras-Martinez*, 409 F.3d at 1241 ("the court's election to

apply [§ 7B1.3(f)] exactly as written was not unreasonable") (citing *Tsosie*, 376 F.3d at 1218); *United States v. Cruz-Mendez*, 86 Fed. App'x 392, 2004 WL 103559 (10th Cir. 2004) (unpublished) (holding that the district court acted "well within its discretion" to impose consecutive sentences because § 7B1.3(f) recommends such an approach).

Mr. Rodriguez-Quintanilla also argues that he is entitled to a remand for resentencing because the District Court failed to adequately explain why it declined to order his fifteen-month sentence to run concurrently with his thirty-month sentence. *See* 18 U.S.C. § 3553(c). We disagree. We have emphasized that "the sentencing court is not required to consider individually each factor listed in § 3553(a) before issuing a sentence." *Contreras*, 409 F.3d at 1242 (quotations omitted). In addition, we do not "demand that the district court 'recite any magic words' to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider." *Id.* (quotation omitted). In this case, the District Court specifically invited counsel for Mr. Rodriguez-Quintanilla to address this issue prior to its ruling. During the sentencing hearing, counsel pointed out that "[u]nder the policy statements of guideline 7B1.3(f) it indicates that the Court shall impose any sentence for a violation of [supervised release] consecutive to the term of what I will call the underlying offense." Counsel nonetheless argued that the § 3553(a) factors warranted a concurrent, rather than consecutive, sentence because the thirty-

month sentence for illegal reentry already accounted for Mr. Rodriguez-Quintanilla's violation of the terms of supervised release, because Mr. Rodriguez-Quintanilla had accepted responsibility for his conduct, and because Mr. Rodriguez-Quintanilla had promised not to return to the United States upon release. Thereafter, the District Court stated that § 7B1 governed the case and imposed a consecutive term. We conclude that doing so did not run afoul of § 3553(c)'s mandate. *See id.* at 1242 n.4 (finding no error under § 3553(c) "because § 7B1.3(f) explicitly recommends consecutive sentences, and . . . the record indicates the district court made clear it was following this recommendation in imposing its sentences consecutively.").

### III. CONCLUSION

For the reasons stated above, we AFFIRM.