F I L E D
United States Court of Appeals
Tenth Circuit

November 28, 2006

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ANTHONY L. PINION,

Defendant-Appellant.

No. 05-3386
(D.C. No. 04-CR-20034-KHV)
(Kansas)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.


Anthony Pinion appeals the imposition of a 13-month sentence to run

consecutively to a 15-month sentence imposed by the District Court for the

Western District of Missouri.  We affirm.

Mr. Pinion was convicted of bank robbery in the Western District of

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal.  *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G).  The case is therefore submitted without oral argument.  This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, or collateral estoppel.  The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

Missouri and sentenced to 33 months incarceration followed by 3 years of supervised release. Mr. Pinion was subsequently charged with escaping from a halfway house in violation of 18 U.S.C. § 751, and pled guilty in the District of Kansas. The district court in Kansas sentenced Mr. Pinion to a prison term of 12 months and 1 day followed by 2 years of supervised release. The supervised release was to run concurrently to the term of supervised release imposed by the district court in Missouri for the underlying robbery conviction.

Mr. Pinion was released from custody on February 25, 2005, after having completed the 12-month and 1-day term imposed in Kansas. He then began serving his two concurrent terms of supervised release. Mr. Pinion tested positive for methamphetamine use in March, and he tested positive for cocaine use in April. He also failed to find employment, submit urine samples, and appear for counseling sessions, all in violation of his terms of supervised release. As a result of these violations, Mr. Pinion was ordered to enter a halfway house. When he failed to do so, warrants were issued for his arrest in both the District of Kansas and the Western District of Missouri.

On August 12, 2005, the district court in Missouri revoked Mr. Pinion's supervised release and sentenced him to 15 months incarceration with no term of supervised release to follow. The 15-month term exceeded the applicable guideline range by 4 months. On October 3, the district court in Kansas revoked Mr. Pinion's supervised release and sentenced him to 13 months incarceration to

run consecutively to the 15-month sentence imposed by the Missouri court. The 13-month sentence was within the applicable guideline range of 7 to 13 months.

On appeal, Mr. Pinion contends the Kansas district court abused its discretion by imposing the 13-month sentence to run consecutively to the 15-month sentence. He further claims the sentence is unreasonable because the district court failed to articulate reasons for imposing a consecutive sentence.

As we noted in *United States v. Rodriguez-Quintanilla*, 442 F.3d 1254, 1256 (10th Cir. 2006) (emphasis added) (citations and quotations omitted):

> Under 18 U.S.C. § 3584(a), a district court has the discretion to impose consecutive or concurrent sentences. The district court's discretion is guided by the factors delineated by 18 U.S.C. § 3553(a), which include the characteristics of the offense and the defendant, the need for deterrence and the protection of the public, *and, in cases involving a violation of supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission*. Like the post-*Booker* Guidelines, *policy statements regarding supervised release are advisory in nature. The applicable policy statement contained in § 7B1.3(f) recommends that: Any term of imprisonment imposed upon the revocation of supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving*, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

The district court's imposition of a consecutive prison term is in accordance with the advisory policy statement. Mr. Pinion therefore "bears the burden to demonstrate that the District Court should exercise its discretion to impose concurrent sentences in spite of that statement." *Id*.

Mr. Pinion asserts that the imposition of the consecutive sentences by the

two district courts resulted in the imposition of a 28-month sentence for, in essence, missing some drug tests and counseling sessions, remaining unemployed, and testing positive on two occasions for drug use. Such a sentence, he argues, is especially harsh in light of the 7 to 13-month guideline range he faced for the same violation of one of his supervised releases.

But Mr. Pinion violated not one, but two supervised releases. Moreover, he violated them within weeks, if not days, of being released from custody. His failure to report to the halfway house, although not technically an escape from custody, mirrored his earlier conduct. Furthermore, the district court expressly stated it was imposing a consecutive sentence at the top of the applicable guideline range because it was choosing not to order a supervised release. Viewed in light of these considerations, we cannot say consecutive prison terms constitute an abuse of discretion, or that the district court's imposition of a consecutive term was unreasonable. *See id*. at 1258.

Mr. Pinion also argues he is entitled to a remand for resentencing because the district court failed to adequately explain why it declined to order his 13-month sentence to run concurrently with his 15-month sentence.

> [T]he sentencing court is not required to consider individually each factor listed in § 3553(a) before issuing a sentence. In addition, we do not demand that the district court recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider.

*Id*. at 1258-59 (citations and quotation marks omitted). In this case, prior to its

ruling the district court specifically invited counsel for Mr. Pinion to address the issue of consecutive sentences. The court stated that a consecutive sentence was appropriate when there was to be no supervised release to follow. Rec., vol. II at 11. The court also heard Mr. Pinion's counsel argue that the sentence was too harsh in light of the underlying conduct, but it chose to impose a consecutive sentence nonetheless. *Id.* (The sentence was reached after "taking into account the violation, the characteristics, the sentence objective.") Although, the court could have stated its reasons for imposing the 13-month consecutive sentence more clearly, given the facts of this case we are satisfied that the sentence was not unreasonable.

We **AFFIRM**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge