**F I L E D**

**UNITED STATES COURT OF APPEALS**

**January 9, 2007**

**TENTH CIRCUIT**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

NEDRA MIGNON HENDRICKS,

Defendants-Appellant.

No. 06-6086

(W.D. Oklahoma)

(D.C. No. CR-00-83-M)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

On February 13, 2006, Nedra Mignon Hendricks stipulated to her probation officer's allegation that she failed to comply with the terms of her supervised release. Based on the stipulation, the district court revoked Ms. Hendricks's

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

supervised release and sentenced her to twenty-six months' incarceration, to be followed by twenty-eights months' supervised release. On appeal, Ms. Hendricks contends that the district court's twenty-six month sentence was unreasonable. We have jurisdiction under 28 U.S.C. § 1291, and for the reasons stated herein, we affirm.

## I. BACKGROUND

On November 14, 2000, Ms. Hendricks was sentenced to seventy-eight months' imprisonment followed by three years' supervised release for aiding and abetting an armed robbery of a financial institution, a violation of 18 U.S.C. § 2113 (a) and (d), and § 2. Ms. Hendricks was released from confinement on April 26, 2004.

On March 7, 2005, the district court revoked Ms. Hendricks's supervised release in part because of Ms. Hendricks's drug dependency. She was imprisoned for six months and directed to serve an additional thirty months' supervised release. Ms. Hendricks was released from the six months' term of confinement on August 24, 2005.

On September 7, 2005, the probation officer filed a petition alleging the following violations of the terms of supervised release: 1) Ms. Hendricks failed to report to the U.S. Probation Office on August 24, 2005, immediately upon her release from incarceration as directed; 2) Ms. Hendricks provided a urine sample on August 25, 2005, that was positive for THC Metabolite, and she admitted that

she had used marijuana on the preceding day; and, 3) Ms. Hendricks left an inpatient treatment facility on August 29, 2005, did not return to the facility and did not contact the U.S. Probation Office.

The district court held a hearing on the petition on February 13, 2006. Ms. Hendricks stipulated the violations could be proved by a preponderance of the evidence, and the district court found she had violated the terms of her supervised release as alleged. Each of the violations in the petition was classified as a Grade C violation. Based on a combination of the Grade C violations in conjunction with Ms. Hendricks's criminal history category of IV, USSG § 7B1.1 through 7B1.4 specified an advisory range of six to twelve months' imprisonment.

The district court sentenced Ms. Hendricks to twenty-six months' imprisonment and imposed an additional term of supervised release of twenty-eight months.

## II. DISCUSSION

Ms. Hendricks maintains that she should be resentenced because the district court failed to articulate the basis for imposing a sentence higher than the Guidelines range of six to twelve months' imprisonment. She argues that the district court failed to consider that her underlying mental health problems would best be addressed through participation in an out-patient program, rather than a residential drug treatment program that (1) she might not qualify for, and (2) that did not take into account her mental health needs. Although the district court

considered the nature and circumstances of the case, her history and characteristics, and the need for treatment in a custodial setting, Ms. Hendricks argued that the district court had given "undue weight to these factor[s]." Aplt's Br. at 9.

"[I]t is unclear post-[*United States v. Booker*, 543 U.S. 220 (2005)] whether [sentences following the revocation of supervised release] should be reviewed for reasonableness or for an abuse of discretion. We need not explore the exact contours of our post- *Booker* standard of review, however, because we conclude that the District Court did not abuse its discretion and that the sentence was both procedurally and substantively reasonable." *United States v. Cordova*, 461 F.3d 1184, 1188 (10th Cir. 2006) (internal quotation marks and citations omitted). "In imposing a sentence following revocation of supervised release, a district court is required to consider both Chapter 7's policy statements, as well as a number of the factors provided in 18 U.S.C. § 3553(a), *see* 18 U.S.C. §§ 3583(e), 3584(b)." *Id.* (internal quotation marks and citations omitted).

Section 3553(a)'s factors include:

> [T]he nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence, protect the public, and provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner; pertinent guidelines; pertinent policy statements; the need to avoid unwanted sentence disparities; and the need to provide restitution.

*United States v. Contreras-Martinez*, 409 F.3d 1236, 1242 n.3 (10th Cir. 2005).

"The sentencing court, however, is not required to consider individually each factor listed in § 3553(a), nor is it required to recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider" before issuing a sentence. *Cordova*, 461 F.3d at 1189 (internal quotation marks omitted).

The district court acknowledged that each of the violations to which Ms. Hendricks stipulated was a Grade C violation. *See* USSG § 7B1.1. After acknowledging that the recommended guidelines range was from six to twelve months, the district court noted that Ms. Hendricks's history of non-compliance with the terms of supervised release was caused largely by her severe drug addiction. Citing the need for additional treatment, the district court imposed the lengthier sentence, which might provide enough time for Ms. Hendricks to enroll in a voluntary Residential Drug Abuse Program while incarcerated. At the time of sentencing, the probation officer informed that court that the waiting list for the program was a year, and the program took a year to complete. Rec. vol. II, at 9. Because Ms. Hendricks had been diagnosed with depression, the court also ordered participation in a mental health aftercare program.

"[I]t is now axiomatic that a sentence in excess of that recommended by the Chapter 7 policy statements will be upheld 'if it can be determined from the record to have been reasoned and reasonable.'" *Cordova*, 461 F.3d at 1188

(quoting *United States v. Rodriguez-Quintanilla*, 442 F.3d 1254, 1258 (10th Cir. 2006)). The district court, familiar with Ms. Hendricks's factual circumstances and history of supervised release revocations, was exceptionally mindful of § 3553(a)'s factors. As in *Cordova:*

> the District Court indicated its concern that [Ms. Hendricks's] failure to abide by the terms of supervised release were due to her ongoing substance abuse problems*,* and suggested [Ms. Hendricks] participate in a drug rehabilitation program for which she would not be eligible for nearly twelve months and which would require [additional time] to complete.

461 F.3d at 1189. After reviewing the record, we hold that the district court adequately considered the relevant sentencing factors.

## III. CONCLUSION

Accordingly, the district court did not abuse its discretion in imposing the twenty-six months sentence, nor was the sentence unreasonable. We therefore AFFIRM Ms. Hendricks's sentence.

Entered for the Court,


Robert H. Henry
Circuit Judge

-6-