**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 4, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEFAN BULLARD,

Defendant - Appellant.

Nos. 07-1200 and 07-1201

D. Colorado

(D.C. Nos. 07-CR-4-WYD
and 07-CR-5-WYD)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of these consolidated appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The matter is therefore ordered submitted without oral argument.

Defendant-appellant, Stefan Bullard, pleaded guilty to three drug offenses and was sentenced to serve concurrent sixty-month terms of imprisonment. After release from incarceration, Bullard began serving a four-year term of supervised

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

release.  Shortly thereafter, a petition to revoke Bullard's supervised release was filed in the United States District Court for the District of Colorado.  At a hearing before the district court held on April 17, 2007, Bullard admitted violating one of the conditions of his supervised release.  The court revoked Bullard's supervised release and sentenced him to six months' imprisonment and four years' supervised release.[1]  Bullard appeals the term of imprisonment, alleging it is unreasonable.  *See United States v. Rodriguez-Quintanilla*, 442 F.3d 1254, 1258 (10th Cir. 2006) (reviewing a sentence imposed after revocation of supervised release for reasonableness).

Bullard was released from incarceration on September 24, 2007, and he does not present any challenge to the four-year term of supervised release imposed by the district court.  Accordingly, his appeal is moot.  *United States v. Meyers*, 200 F.3d 715, 721-22 (10th Cir. 2000) (holding appeal from a sentence imposed after revocation of supervised release becomes moot when the defendant completes the term of imprisonment and a term of supervised release is not at issue).

---

[1]The drug charges against Bullard were brought in two separate criminal prosecutions.  His original sentences, including the terms of supervised release, were ordered to run concurrent to each other.  Similarly, the sentences Bullard received for violating the terms of his supervised release were ordered to run concurrently.  The two matters have been consolidated for purposes of this appeal.

These appeals are **dismissed** as moot.

                                    ENTERED FOR THE COURT


                                    Michael R. Murphy
                                    Circuit Judge