**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 4, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

ADRIANNA MARIE HAYLOR,

     Defendant - Appellant.

No. 09-1260
(D. Colo.)
(D.C. No. 2:08-CR-00108-WYD-1)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

The parties have waived oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R.

34.1(G). This case is submitted for decision on the briefs.

Adrianna Haylor was convicted in the Western District of Texas of conspiring to

import marijuana. On September 13, 2005, she was sentenced to twenty-one months in

prison followed by three years of supervised release. She was also ordered to pay a

$1000 fine. As part of her supervised release, Haylor was subject to several special

---

[*] This order and judgment is an unpublished decision, not binding precedent. 10th
Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1.
It is appropriate as it relates to law of the case, issue preclusion and claim preclusion.
Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A).
Citation to an order and judgment must be accompanied by an appropriate parenthetical
notation – (unpublished). *Id.*

conditions including: (1) submission to an evaluation for substance abuse or dependency as directed by the probation officer and participation in a substance abuse treatment program; and (2) submission to a mental health evaluation and participation in a mental health program approved by the probation officer.

Haylor's term of supervised release commenced in the District of Colorado on April 20, 2007. On February 6, 2009, the probation officer petitioned the district court to take action against Haylor for the following seven Grade C violations of supervised release: five separate violations for failure to participate in her substance abuse treatment program on twenty-two occasions; possession and use of cocaine; and failure to make payments towards the balance of her fine since May 2, 2007. The probation officer's Supervised Release Violation Report documented the dates and facts associated with each of the seven violations. The report highlighted Haylor's consistent failure to attend psychotherapy sessions or provide urine samples, to make any scheduled payments on the remaining balance of her fine, to maintain stable employment and to successfully participate in a substance abuse treatment program – she was discharged for aggressive behavior towards the program's staff. The probation officer also documented his largely unsuccessful efforts to improve Haylor's compliance; they included review meetings with her therapists and multiple treatment attendance contracts.

Under U.S.S.G. § 7B1.1(a)(3), the violations were classified as Grade C and Haylor's criminal history category was III. Under the policy statement listed in U.S.S.G. § 7B1.4(a), the suggested range of imprisonment was five to eleven months; the probation officer recommended a five-month sentence.

The district court held a hearing on the violations on June 5, 2009. Haylor, through counsel, admitted to six of the charged violations (failure to comply with her substance abuse program and failure to pay assessed fines). The violation for possession of cocaine was withdrawn by agreement of the parties. Haylor did not contest the facts as set forth by the probation officer in his report. The judge inquired about the possibility of continuing the hearing for a period of months to give Haylor an opportunity to make good on her representations about future compliance with her terms of supervision. The probation officer and the government said a prison sentence was more appropriate because of Haylor's history of violations and misrepresentations in spite of the probation officer's repeated attempts to help her be compliant. The probation officer recommended the low end of the range because he believed there was a chance to "salvage somebody" and a prison sentence would "jolt her into compliance" in a way that continuing the hearing would not do. (R. Vol. 2 at 24.)

The district court refused Haylor's request to be permitted to continue on supervised release or be subjected to a sanction less than a jail sentence, deciding a term of imprisonment was the most appropriate response to her cavalier behavior. Before announcing sentence, the judge spoke to Haylor, admonishing her:

> It is unacceptable for someone to have the repeated instances of all these violations . . . [beginning] back in 2007. . . . [The probation officer] didn't [file a violation on] you until just recently. He has worked with you, worked with you, worked with you again. And you haven't got fundamentally better. . . . You have to take a timeout, and you have to figure out what you have to do to turn things around.

* * * *

So if I didn't send you to jail now, I wouldn't be doing my job. And I'm telling you that you're the only one who can decide your future fate.

(R. Vol. 2 at 27-28.)

The judge found Haylor had violated the conditions of supervised release as alleged in the probation officer's petition and revoked her supervised release. He imposed a five-month prison sentence and a thirty-one month term of supervised release, in accordance with the statutory provisions of the underlying charge and the advisory guideline range. The judge permitted Haylor to self-surrender after a two-week visit with her daughter. Haylor timely appealed.

Haylor's appointed counsel filed a brief pursuant to *Anders v. California*, concluding the case presented no non-frivolous issues from which to appeal. 386 U.S. 738, 744 (1967).[1] He also requested permission to withdraw. Haylor was given notice of the *Anders* brief and counsel's request to withdraw. Despite having been given two opportunities to respond she has not done so. By letter, the government has advised it will not be filing an answer brief in this appeal.[2] Our resolution of the case is, therefore,

_____

[1] *Anders* holds "if counsel finds his [client's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744. Counsel must submit to both the court and his client a "brief referring to anything in the record that might arguably support the appeal." *Id.* The client may then "raise any points that he chooses." *Id.* Thereafter, the court must completely examine all the proceedings to determine the frivolity of the appeal. *Id.* "If it so finds it may grant counsel's request to withdraw and dismiss the appeal . . . . [I]f it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." *Id.*

[2] The government also reported that according to the Federal Bureau of Prisons' public website, http://www.bop.gov/iloc2/InmateFinderServlet?, Haylor was released from BOP confinement as of December 18, 2009. However, she continues on supervised

based on counsel's *Anders* brief and our independent review of the record.

The *Anders* brief correctly identifies the standard of review as "plainly unreasonable." *See United States v. White,* 244 F.3d 1199, 1204 (10th Cir. 2001) ("Because there is no applicable sentencing guideline for the sentence to be imposed after a violation of supervised release, the standard for review is 'plainly unreasonable' under 18 U.S.C. § 3742(e)(4)."). "In reviewing the sentence and the court's explanation of it, we will not reverse if it can be determined from the record to have been reasoned and reasonable." *Id.* (quotations omitted). Counsel admits the sentence imposed was reasoned and reasonable. We agree.

The discretion afforded a district court in imposing a sentence when revoking supervised release is guided by the factors set forth in 18 U.S.C. § 3553(a). *Id.* Although the judge did not explicitly reference § 3553(a), he made clear his decision was in response to Haylor's individual history and characteristics and the need for the disposition to offer adequate deterrence as required by § 3553(a). *See United States v. Rodriguez-Quintanilla*, 442 F.3d 1254, 1258-59 (10th Cir. 2006) ("[W]e do not demand that the district court recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider." (quotations omitted)). The judge provided a detailed explanation for the sentence imposed, focusing on Haylor's lengthy history of noncompliance and the probation officer's repeated attempts to improve her attitude and compliance. Before deciding, the judge consulted

---

release.

the supervised release violation report, which provided valuable information on the § 3553(a) factors and detailed the guideline's advisory policy statements. *See United States v. Cordova*, 461 F.3d 1184, 1188 (10th Cir. 2006) ("In imposing a sentence following revocation of supervised release, a district court is required to consider both chapter 7's policy statements as well as a number of the factors provided in 18 U.S.C. § 3553(a).") (citations omitted)).

A complete review of the record reveals no facts or circumstances in any way suggesting Haylor's sentence was unreasonable. Since the record reveals no claims arguable on their merits this appeal is **DISMISSED**. Counsel's request to withdraw is **GRANTED**.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge