FILED
United States Court of Appeals
Tenth Circuit

July 20, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JACOB JOHN LAHR,

    Defendant-Appellant.

No. 10-1042

(D.C. No. 1:09-CR-00029-CMA-1)
(D. Colo.)

---

## ORDER AND JUDGMENT[*]

---

Before **BRISCOE,** Chief Judge, **TACHA,** and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore,

submitted without oral argument.

Jacob John Lahr pled guilty to a single count of bank robbery, in violation of 18

U.S.C. § 2113(a), and was sentenced to a term of imprisonment of seventy months. Lahr

now appeals, arguing the district court abused its discretion in ordering Lahr's seventy-

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

month sentence to run consecutively to any undischarged terms of imprisonment in the Colorado Department of Corrections. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I

On the morning of March 27, 2007, Lahr entered the US Bank office located at 2845 Linden Court in Loveland, Colorado, approached a bank teller, and told her, "This is a robbery! Give me your money!" ROA, Vol. 1 at 12. Lahr placed what appeared to be a wallet on the teller counter, and the teller placed approximately $4,250 in large bills on top of the wallet. Lahr took the money and fled the bank.

On January 26, 2009, a federal grand jury indicted Lahr on one count of bank robbery, in violation of 18 U.S.C. § 2113(a). Lahr pled guilty to that charge on September 25, 2009. The presentence investigation report (PSR) was prepared by the probation office and submitted to the district court and parties on October 14, 2009. The PSR calculated a total offense level of 19, a criminal history category of VI, and an advisory guideline range of 63 to 78 months. Neither party filed any objections to the PSR.

On December 4, 2009, Lahr appeared before the district court for sentencing. Lahr's counsel noted that the PSR recommended that Lahr's sentence be ordered to run consecutively "to the state court sentences that . . . Lahr [wa]s [then] serving, and two

more [state] sentences which [we]re set to be imposed" in January 2010.[1] ROA, Vol. 2 at 8. Lahr's counsel further noted that "[t]he state prosecutors ha[d] . . . filed habitual criminal charges against [Lahr]," and that they "expect[ed] his sentences in state court to be at least 48 years; most likely a triple digit sentence." Id. at 9. Lahr's counsel asked the district court to sentence Lahr "concurrently with the state sentences," id., in order to maximize Lahr's opportunities for education and vocational training in state prison,[2] so that he could "better his life" and obtain the "skills to be able to then earn money to pay back restitution . . . while he [wa]s serving his sentence," id. at 10. The government opposed Lahr's request, arguing that Lahr's history of violent crimes warranted a consecutive sentence. The district court continued the sentencing hearing in order to allow the pending state court sentencing proceedings to occur and to allow the parties to file written pleadings addressing the issue of concurrent versus consecutive sentencing.

The district court reconvened the sentencing hearing on February 11, 2010. Lahr's counsel noted that Lahr had "recently received a 48-year sentence out of Jefferson County[, Colorado], to run consecutively to two sentences he [wa]s already serving out of

---

[1] As of December 4, 2009, Lahr was serving concurrent, undischarged terms of imprisonment imposed by the Weld County (Colorado) District Court for "Attempted Aggravated Robbery - Menacing Victim with Weapon" and "2nd Degree Aggravated Motor Vehicle Theft." Supp. Roa, Vol. 1 at 24.

[2] Lahr himself expressed concern that he would be denied placement in a medical facility, in addition to being denied participation in prison programs, due to his high classification level resulting from a consecutive federal sentence, which, he asserted, would function like a detainer in the state prison system. ROA, Vol. 2 at 26-27.

Weld County[, Colorado]," and that, as a result, Lahr "probably [wa]sn't going to get out of state custody until he [wa]s about 75 years old."[3]  Id. at 22.  In turn, Lahr's counsel again urged the district court to "grant [Lahr] a concurrent sentence" so that Lahr could maximize his "educational and vocational and medical care" opportunities in state prison.  Id.  The district court, however, rejected this request and sentenced Lahr to a term of imprisonment of seventy months, "to be served consecutively to the undischarged terms of imprisonment in Weld County District Court, . . . and any other state terms of imprisonment that have been imposed."  Id. at 28.  The district court explained its rationale for imposing a seventy-month consecutive sentence:

> Now, Mr. Lahr, I want you to know that I take these sentencings very seriously.  They are the hardest task I have in my docket because I know I have your life in my hands, and I want to be as fair as possible in issuing the justice that I think needs to be issued.  On the other hand, I do have an obligation to the public and to society to protect them from further crimes by you and to promote respect for the law and to deter future criminal conduct.
>
> Now, it was somewhat ironic to me that the FBI learned of your involvement in this bank robbery after you and another individual conspired to defraud Crime Stoppers by reporting you as the robber with the intention that you and your accomplice would split the proceeds of any reward that was received.
>
> I looked at your criminal history, Mr. Lahr, and you have a lengthy criminal history record, beginning with your first felony at age 12.  You

_____

[3] According to addendums to the PSR, on October 30, 2009, Lahr was convicted by a jury in Jefferson County (Colorado) District Court of "Aggravated Motor Vehicle Theft, Possession of a Weapon by a Previous Offender, and Possession of a Schedule II Controlled Substance."  Supp. ROA, Vol. 1 at 36.  On January 28, 2010, Lahr was sentenced in connection with those convictions to 48 years' imprisonment, to run consecutively to the two sentences imposed in Weld County District Court.  Id. at 38.

have been continuously involved in criminal activity since that time. You appear to be undeterred by any sanctions that the courts have imposed, including imprisonment.

Your prior criminal record includes crimes of violence including aggravated robbery, multiple convictions for assault, which indicates that you are a present physical danger to society. You have several pending cases involving crimes of violence. Your prison record includes 60 disciplinary incidents, and that indicates that you even present a danger to the prison population.

You incurred four convictions while in custody. You were charged with assault on a federal pretrial detention officer in this case. In short, you are a career offender. And it doesn't appear to me from your history that you have made any effort whatsoever to try to live a law-abiding life.

You are currently serving concurrent sentences of imprisonment on two state convictions for attempted aggravated robbery, menacing the victim with a weapon, and second degree aggravated motor vehicle theft. And pursuant to the policy statement of the sentencing guidelines, I am authorized to impose a concurrent or partially concurrent or consecutive sentence under these circumstances.

And without giving in to how this would have played out had you actually had your state bank robbery conviction tried in federal court, especially because of using a weapon and the mandatory there, you would have served a much longer sentence. I am not going to get into that.

It is enough to me that I tend to agree with [the prosecutor] in the sense that just because you have committed so many crimes does not mean that I should be lenient with you on this one . . . . I believe that a consecutive sentence in the middle of the range – and I gave you the middle because you were cooperative.

And I know that doesn't meant a lot to you because it is not, you know, 8 months, what is the difference? But to me it does take into account the fact that you did cooperate in this case. I believe that that sentence, in the middle of the range, is necessary and is what I was required to do when I [sic] mandated to issue a sentence that is sufficient but no greater than necessary to meet the sentencing purposes.

I believe that sentence does reflect the seriousness of this offense. It provides just punishment. Hopefully it will promote some respect for the law, and hopefully it will provide some adequate deterrence – general deterrence to criminal conduct.

Id. at 30-33.

Judgment was entered in the case on February 17, 2010. Lahr has now filed an appeal challenging the consecutive nature of his sentence.

II

Generally speaking, we review a criminal defendant's sentence for reasonableness, deferring to the district court under the "familiar abuse-of-discretion standard of review."[4] Gall v. United States, 552 U.S. 38, 46 (2007). Reasonableness review includes both a procedural and a substantive component. United States v. Alapizco-Valenzuela, 546 F.3d 1208, 1214 (10th Cir. 2008).

Lahr contends the district court failed, in determining whether to run his federal sentence concurrently with or consecutively to his undischarged state sentences, to properly consider certain of the factors outlined in 18 U.S.C. § 3553(a), thereby rendering his sentence both procedurally and substantively unreasonable. We disagree.

"Under 18 U.S.C. § 3584(a), a district court has the discretion to impose

---

[4] We have not, since the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), was issued, definitively resolved the standard of review applicable to a district court's imposition of consecutive sentences. United States v. Cordova, 461 F.3d 1184, 1188 (10th Cir. 2006). "We need not explore the exact contours of our post-Booker standard of review [in this case], however, because we conclude that the District Court did not abuse its discretion and that the sentence was . . . substantively reasonable." Id. (quotation and citation omitted).

6

consecutive or concurrent sentences." United States v. Rodriguez-Quintanilla, 442 F.3d 1254, 1256 (10th Cir. 2006). "The district court's discretion is guided by the factors delineated by 18 U.S.C. § 3553(a), which include the characteristics of the offense and the defendant, [and] the need for deterrence and the protection of the public . . . ." Id. (internal citations omitted); 18 U.S.C. § 3584(b).

Although Lahr contends his sentence is procedurally unreasonable because the district court "failed to properly consider 18 U.S.C. § 3553(a)(2)(B), (C) & (D)," Aplt. Br. at 9, a review of the record on appeal refutes those allegations. In particular, a review of the transcripts of the two sentencing proceedings firmly establishes that the district court recognized its discretion under § 3584(a) to run Lahr's federal sentence either concurrently with or consecutively to his undischarged Colorado state sentences, and in turn considered the factors outlined in § 3553(a) in exercising that discretion. Further, the district court's detailed explanation for the sentence confirms that it specifically took into account the factors outlined in § 3553(a)(2)(B) and (C), i.e., the need for the sentence imposed to afford deterrence to criminal conduct and to protect the public from further crimes of the defendant. Although the district court did not specifically cite to § 3553(a)(2)(D), which focuses on the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, we have repeatedly held that a district court need not individually consider each § 3553(a) factor before issuing a sentence. See United States v. Contreras-Martinez, 409 F.3d 1236, 1242 (10th Cir. 2005).

7

Moreover, it is apparent from reviewing the sentencing proceeding transcripts that the district court was well aware of Lahr's assertion that a consecutive sentence would negatively impact his ability to obtain educational or vocational training and placement in a medical facility while serving his state sentence. Thus, in sum, we conclude the district court committed no procedural error in ordering Lahr's sentence to run consecutively to his undischarged state sentences.

As for the substantive reasonableness of the sentence, we assess whether it "is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." United States v. Friedman, 554 F.3d 1301, 1307 (10th Cir. 2009) (internal quotations and citation omitted). In doing so, we recognize there is typically a range of "rationally available choices" that "the facts and law at issue can fairly support[.]" United States v. McComb, 519 F.3d 1049, 1053 (10th Cir. 2007). We will reverse only when the district court "renders a judgment that is arbitrary, capricious, whimsical or manifestly unreasonable." Friedman, 554 F.3d at 1307 (internal quotations and citation omitted).

While Lahr argues a concurrent sentence would be more humane in his case, given the negative effect a consecutive sentence could have on his lengthy state sentences, the district court heard those arguments and yet concluded a consecutive sentence was appropriate in this case. We cannot conclude under our standard of review and on this record that the district court's decision to run Lahr's federal sentence consecutively to his undischarged state sentences was arbitrary, capricious, whimsical or manifestly

8

unreasonable.  Indeed, the district court's rationale for doing so, particularly the need to deter a career criminal from engaging in further violent crimes, was compelling.  Thus, we conclude the consecutive nature of the sentence was substantively reasonable.

AFFIRMED.

Entered for the Court,


Mary Beck Briscoe
Chief Judge