FILED
United States Court of Appeals
Tenth Circuit

September 9, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| v. | Nos. 09-1568 & 09-1572 |
| | (D.C. Nos. 1:09-CR-00409-PAB-1 & |
| FRANCISCO JAVIER | 1:09-CR-00253-PAB-1) |
| CORRALES-FELIX, | (D. Colo.) |
| Defendant-Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **LUCERO**, and **MURPHY**, Circuit Judges**.**

Francisco Javier Corrales-Felix pleaded guilty to a single count of illegal

reentry by a previously removed alien subsequent to an aggravated felony

conviction.  He also admitted to violating the terms of his supervised release.

The district court imposed a term of imprisonment of seventy-eight months on the

illegal-reentry offense and sentenced him to a consecutive eighteen-month prison

---

[*]      After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

term for the supervised-release violation. Corrales-Felix appeals the sentence for the supervised release violation, arguing that a consecutive sentence is substantively unreasonable. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[1]

*Background*

Corrales-Felix is a citizen of Mexico. He was first deported in 2002. In 2005, he reentered the United States and was eventually arrested, charged, and convicted of illegal reentry in federal district court in Arizona. He was sentenced in the 2005 case to forty-two months imprisonment and thirty-six months supervised release. After serving thirty-one months of his sentence, Corrales-Felix was released in April 2008, and again deported.

In January 2009, while he was still on supervised release, Corrales-Felix illegally reentered the United States. A month later, he was arrested and charged in Adams County, Colorado, with vehicular eluding and driving under the influence of alcohol. While in state custody, Corrales-Felix came to the attention of federal authorities. In June 2009, he was indicted for illegal reentry. Shortly thereafter, the probation office filed a petition against Corrales-Felix, charging that his 2009 illegal reentry violated the terms of the supervised release imposed in connection with his illegal reentry conviction in 2005.

---

[1]    Appeal No. 09-1568 is the appeal of supervised-release sentence; Appeal No. 09-1572 is the illegal reentry case.

-2-

Corrales-Felix pleaded guilty to the illegal reentry charge and admitted violating the terms of his supervised release. At his sentencing hearing,[2] the district court imposed a seventy-eight month sentence for the illegal-reentry conviction, and ordered him to serve an eighteen-month consecutive sentence for the supervised-release violation. Corrales-Felix "raises no challenge to the conviction and sentence in the illegal reentry case," Aplt. Br. at 2, nor does he challenge the district court's determination of the range or statutory maximum for the supervised-release violation. Instead, he argues that the consecutive sentence for the supervised release violation is unreasonable because "the district court relied on the very same factors it had relied on [in] imposing a substantial sentence in the 2009 illegal reentry case." *Id*. at 14. He also asserts that "[u]nder the circumstances of this case, the consecutive sentence imposed on the supervised release revocation is, simply put, too long[,] [because] [i]t is 'greater than necessary' to achieve the sentencing purposes enunciated in section 3553(a)." *Id*. at 15.

*Analysis*

"Under 18 U.S.C. § 3583(e)(3), when a person violates a condition of his or her supervised release, the district court may revoke the term of supervised release and impose prison time." *United States v. Kelley*, 359 F.3d 1302, 1304

---

[2] Corrales-Felix was sentenced at the same time in both cases.

-3-

(10th Cir. 2004). "In imposing a sentence following revocation of supervised release, a district court is required to consider both [the United States Sentencing Guidelines] Chapter 7's policy statements, as well as a number of the factors provided in 18 U.S.C. § 3553(a)." *United States v. Cordova*, 461 F.3d 1184, 1188 (10th Cir. 2006) (citation omitted). "[W]e will not reverse a [revocation sentence imposed by the district court] if it can be determined from the record to have been reasoned and reasonable." *United States v. Tsosie*, 376 F.3d 1210, 1218 (10th Cir. 2004) (quotation omitted).

> The applicable policy statement provides:
>
> Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

USSG § 7.B1.3(f). Although Chapter 7's policy statements are merely advisory, *Tsosie*, 376 F.3d at 1218, "they must be considered by the trial court in its deliberations concerning punishment for violation of conditions of supervised release," *id.* (quotation omitted).

The relevant factors under § 3553(a) "include the characteristics of the offense and the defendant, the need for deterrence and the protection of the public, and, in cases involving a violation of supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission." *United*

-4-

*States v. Rodriquez-Quintanilla*, 442 F.3d 1254, 1256 (10th Cir. 2006) (quotation omitted). "We have emphasized that the sentencing court is not required to consider individually each factor listed in § 3553(a) before issuing a sentence." *Id*. at 1258 (quotation omitted).

Our review of the record leaves us with no doubt that the district court adequately considered the relevant factors. Although the district court did not specifically mention Chapter 7 at the sentencing hearing, the supervised-release violation report prepared by the probation department specifically advised the court that the policy statement in § 7B1.3(f) concerning consecutive sentences is "advisory only." R. No. 09-1568, Vol. 3 at 3. Further, at the sentencing hearing, Corrales-Felix's lawyer argued for a concurrent sentence. Under similar facts, we held that the district court was aware of the advisory nature of Chapter 7's policy statement on consecutive sentences. *See United States v. Contreras-Martinez*, 409 F.3d 1236, 1241 (10th Cir. 2005). Finally, the district court considered several of the § 3553(a) factors, including the fact that this was "Mr. Corrales' second federal immigration conviction . . . [and] [i]n the interests of deterring him from further violations, the terms of the federal sentence are in this regard paramount." R. No. 09-1568, Vol. 2 at 21.

The sentence imposed by the United States District Court for the District of

Colorado is AFFIRMED.

Entered for the Court


Michael R. Murphy
Circuit Judge