FILED
United States Court of Appeals
Tenth Circuit

June 29, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

  JAVIER ROCHA-RODRIGUEZ,

      Defendant - Appellant.

No. 16-1045
(D.C. No. 1:15-CR-00460-PAB-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Javier Rocha-Rodriguez challenges the substantive reasonableness of his sentence. Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we affirm.

After multiple convictions and deportations, Mr. Rocha-Rodriguez returned to the United States without authorization in January 2015 and was sentenced three times. First, after he committed a drug offense and was convicted in state court, he was sentenced to four years in prison. Second, after he was charged and convicted in federal

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court for illegal reentry, he was sentenced to 63 months in prison, to run concurrently with the state sentence. Third, after he admitted to violating the terms of his supervised release based on his 2008 illegal reentry conviction, the federal court revoked his supervised release and sentenced him to 24 months, the top of the Guidelines range, with 12 months to be served consecutively to the other sentences. ROA, Vol. I at 19.

On appeal, Mr. Rocha-Rodriguez argues the 12-month consecutive sentence, which the district court based on his criminal history, is substantively unreasonable.

## A. *Legal Background and Standard of Review*

District courts may impose either concurrent or consecutive sentences. 18 U.S.C. § 3584(a). When making this determination, the district court "shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)." *Id.* § 3584(b).

Substantive reasonableness addresses "whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Verdin-Garcia*, 516 F.3d 884, 895 (10th Cir. 2008) (quotations omitted). We "review the substantive reasonableness of a sentence for abuse of discretion." *United States v. Chavez*, 723 F.3d 1226, 1233 (10th Cir. 2013). This review includes the district court's decision to impose a consecutive sentence. *United States v. Rodriguez-Quintanilla*, 442 F.3d 1254 (10th Cir. 2006). We find no abuse of discretion "unless [the sentence] is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Munoz-Nava*, 524 F.3d 1137, 1146 (10th Cir. 2008) (quotations omitted).

- 2 -

When, as here, a defendant is sentenced within a properly calculated United States Sentencing Guidelines range, the sentence "is entitled to a rebuttable presumption of reasonableness." *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006) (quotations omitted). Mr. Rocha-Rodriguez has not argued this presumption does not extend to whether a sentence should be consecutive or concurrent. Even without the presumption of reasonableness, Mr. Rocha-Rodriguez has not demonstrated that the district court abused its discretion.

Although we generally review the imposition of a consecutive sentence for abuse of discretion, we have reviewed consecutive sentences imposed for immigration and supervised release violations under the "plainly unreasonable" standard. *Rodriguez-Quintanilla*, 442 F.3d at 1256-57. Abuse of discretion and plainly unreasonable are "quite similar" standards of review. *Id.* at 1256. Under either standard, we affirm.

### B. *Substantive Unreasonableness*

Mr. Rocha-Rodriguez makes two substantive unreasonableness arguments.

First, he argues his consecutive sentence "was unreasonably harsh." Aplt. Br. at 5. He "acknowledges that the sentencing guidelines call for consecutive sentences in this situation," *id.*, but argues the state drug sentence and the federal illegal reentry sentence "overlapped by only about a year," and he thus "was already serving over eight years in prison," so the consecutive sentence "was manifestly unreasonable," *id.* at 6.

Although the Government does not address this argument in its brief, the record does not support it. In January 2015, Mr. Rocha-Rodriguez was incarcerated on a state

drug charge and later was convicted and sentenced to four years in prison. ROA, Vol. II at 38. The federal sentence for illegal reentry was imposed in December 2015, to run concurrently with the state sentence. ROA, Vol. I at 14. When he received his federal sentence, Mr. Rocha-Rodriguez had served up to 11 months of his state sentence, leaving approximately 37 months—not "about a year"—to be served concurrently with his 63-month federal sentence, for a total of 74 months (11 plus 63). Had the federal sentence not been concurrent, the two sentences would have totaled about 111 months (48 plus 63).[1]

Because Mr. Rocha-Rodriguez's argument that the consecutive sentence "was manifestly harsh" significantly understates the effect of the concurrent federal sentence in the illegal reentry case and significantly overstates the overall length of the state drug and federal illegal reentry sentences, he has failed to show the 12-month consecutive sentence for his supervised release violations was substantially unreasonable.

Second, Mr. Rocha-Rodriguez argues his sentence creates an unwarranted disparity because, unlike in 2008 when he was sentenced to 70 months in prison followed by three years of supervised release, the Sentencing Guidelines now state a court "ordinarily should not impose a term of supervised release" when deportation is likely after imprisonment. U.S.S.G. § 5D1.1(c); *see* Aplt. Br. at 6. He argues that if § 5D1.1(c) had been on the books when he was sentenced in 2008, the court "may well have

---

[1] Although the district court said at the revocation sentencing hearing that the effect of running the illegal reentry sentence concurrently with the state sentence "was maybe a year shaved off," ROA Vol. 3 at 13, the actual numbers indicate the concurrent federal sentence saved Mr. Rocha-Rodriguez slightly more than three years.

declined" to impose a term of supervised release, in which case he may not have been put on supervised release, there may have been no revocation, and the additional 12 months at issue here may not have been imposed. Aplt. Br. at 6.

Mr. Rocha-Rodriguez has failed to demonstrate an unwarranted disparity. An illegal reentry defendant may receive a term of supervised release under Application Note 5 to § 5D1.1, which states that in applying subsection (c), a court "should . . . consider imposing a term of supervised release . . . if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." Because Mr. Rocha-Rodriguez has not shown that he or a defendant similarly situated to him—especially as to criminal history and multiple deportations— would not have received a term of supervised release under § 5D1.1(c) even if it existed when he was sentenced for illegal reentry in 2008, his substantive reasonableness argument based in alleged unwarranted disparity fails.

*    *    *    *

As to both of his substantive reasonableness arguments, Mr. Rocha-Rodriguez has not overcome the presumptive reasonableness of his sentence or otherwise shown that the district court abused its discretion or that the consecutive sentence was plainly

unreasonable.  We therefore affirm.

ENTERED FOR THE COURT,

Scott M. Matheson, Jr.
Circuit Judge