**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 9, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JUAN GALLEGOS-GARCIA,

      Defendant-Appellant.

No. 14-1314
(D.C. No. 1:13-CR-00368-JLK-1)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **BALDOCK** and **EBEL**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

The sole issue presented is whether the district court committed procedural error when sentencing the defendant, Juan Gallegos-Garcia. Gallegos-Garcia pleaded guilty to

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

illegal reentry of a previously deported alien following a felony conviction in violation of 8 U.S.C. §§ 1326(a) and (b)(1). As a separate matter, he also admitted to violating two previously imposed supervised release conditions by unlawfully reentering the United States. The district court sentenced Gallegos-Garcia to three consecutive terms of imprisonment for a total term of imprisonment of 62 months. On appeal, Gallegos-Garcia argues that the district court committed procedural error when the court commented at his sentencing hearing that the sentences for his supervised release violations "ha[d] to be" run consecutively to the sentence for his illegal reentry conviction. ROA, Vol. 3 at 32. Gallegos-Garcia argues that this comment demonstrates that the court misunderstood its authority to impose concurrent sentences. Gallegos-Garcia also argues that the district court failed to consider the sentencing factors under 18 U.S.C. § 3553(a) when determining whether to impose consecutive sentences, as is required by 18 U.S.C. § 3584(b). Having jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we reject both arguments and affirm.

## I

Juan Gallegos-Garcia is a native and citizen of Mexico who has repeatedly entered the United States illegally. Over the past seven years, Gallegos-Garcia has been convicted on four separate occasions of illegally reentering the United States and has been deported eleven times. He has also created sixteen different aliases to aid him in his illegal pursuits.

In August 2013, just fifteen days after Gallegos-Garcia had been deported to

2

Mexico for a prior conviction, he was again found in the United States without proper documentation. After being arrested by state authorities for trespassing, Gallegos-Garcia was transferred into federal custody and indicted for unlawfully reentering the United States after being deported following a felony conviction in violation of 8 U.S.C. §§ 1326(a) and (b)(1). Gallegos-Garcia subsequently pleaded guilty to this charge.

At the time Gallegos-Garcia committed his most recent illegal reentry offense, he was still under supervised release for two of his prior illegal reentry convictions—a 2009 conviction in the District of Utah, and a 2012 conviction in the District of Nevada. Both of his supervised releases included a requirement that he not commit another federal crime, including the crime of illegal reentry. Accordingly, when Gallegos-Garcia reentered the United States illegally in August 2013, he violated the terms of both supervised releases. After revocation proceedings were initiated for both supervised release violations, those two cases were consolidated for sentencing purposes with Gallegos-Garcia's illegal reentry conviction.

At the sentencing hearing, Gallegos-Garcia admitted that he violated the terms of both of his supervised releases when he illegally reentered the United States. He then asked for a 30-month sentence for his illegal reentry conviction and two 21-month sentences for his supervised release violations. He requested a 51-month sentence in total, with his two supervised release sentences running concurrently to each other but consecutively to his illegal reentry sentence. This was the same sentence recommended by the presentence report.

The government, on the other hand, requested a longer sentence. The government began by describing Gallegos-Garcia's long criminal history, his continued disrespect for the law, and his general disregard for the sentences which had previously been imposed on him. The government explained that Gallegos-Garcia had received a 24-month sentence for a prior supervised release violation, which had not deterred him from reentering the United States illegally, and argued that as a result, Gallegos-Garcia should receive a 27-month sentence for both of his current supervised release violations rather than the recommended 21-month sentence. The government then asked for a 57-month sentence in total based on a 30-month sentence for Gallego-Garcia's illegal reentry conviction and two 27-month sentences for his supervised release violations. Like Gallegos-Garcia, the government requested that the two supervised release sentences run concurrently to each other but consecutively to the illegal reentry sentence.

After hearing the parties' arguments, the district court sentenced Gallegos-Garcia to 62 months' imprisonment. In reaching this result, the court imposed three prison terms: 30 months' imprisonment for the illegal reentry conviction, 20 months' imprisonment for the first supervised release violation, and 12 months' imprisonment for the second supervised release violation. The court ordered all three sentences to run consecutively.

## II

Gallegos-Garcia challenges the district court's decision to impose consecutive sentences. He first contends the district court misunderstood that it had the authority to

4

run his three sentences concurrently, and that as a result, the court committed procedural error. He separately argues the district court erred by failing to consider the 18 U.S.C. § 3553(a) factors when sentencing him to consecutive sentences. We address each argument in turn.

## A

Gallegos-Garcia's primary argument is that the district court committed procedural error by misunderstanding its authority to impose concurrent sentences. He rests his argument on a single, isolated comment the district court made at his sentencing hearing. The comment, which the court made as the government was presenting its requested sentence, occurred as follows:

> [GOVERNMENT]: . . . I would suggest, Your Honor, 27 months combined to run concurrent for both [supervised release violations], Your Honor, to a sentence of 27 months for those two to be run concurrent, but I would ask Your Honor that those two supervised release violations be run consecutive to [the illegal reentry offense], Your Honor.
>
> THE COURT: I think they have to be.
>
> [GOVERNMENT]: Well, I think it is recommended in the guidelines, but I am ignoring that. I am setting that aside for a moment in the argument. . . .

ROA, Vol. 3 at 32. According to Gallegos-Garcia, the district court's comment shows that it mistakenly thought it did not have the authority to impose concurrent sentences. Gallegos-Garcia argues that because the district court misunderstood it had the ability to exercise its discretion in imposing concurrent or consecutive sentences, the district court's decision to impose consecutive sentences was based on an "erroneous view of the law"

5

and constituted reversible error. Aplt. Br. at 4. We disagree.

Initially, we must determine our standard of review. "Ordinarily, we review a district court's sentencing procedure for abuse of discretion." United States v. Mendoza, 543 F.3d 1186, 1190 (10th Cir. 2008). However, when a party fails to object on procedural reasonableness grounds before the district court, as Gallegos-Garcia did here, we review only for plain error.[1] See id.; United States v. Romero, 491 F.3d 1173, 1178 (10th Cir. 2007). We will only find plain error where "there is (1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." Romero, 491 F.3d at 1178.

To prevail on his procedural argument, Gallegos-Garcia must first show an error. He fails at this first step. Gallegos-Garcia is correct that a district court commits procedural error when it misunderstands or misapplies the law. See Gall v. United States,

---

[1] Gallegos-Garcia contends that the abuse of discretion standard still applies here because even though he did not object to the procedural reasonableness of his sentence before the district court, the government did, thereby preserving the objection for appeal. Aplt. Br. at 6. We have yet to address whether a party can rely on its *opponent's* objection to preserve an issue for review, and we need not do so here. Even if we were to assume the government could preserve this issue for Gallegos-Garcia, the government would still need to have made a proper objection, which it failed to do. To preserve an issue for appeal, a party's objection "must be definite enough to indicate to the district court the precise ground for [the] party's complaint." United States v. Winder, 557 F.3d 1129, 1136 (10th Cir. 2009) (internal quotation marks omitted). In this case, all the government said after the court made its statement was: "Well, I think it is recommended in the guidelines . . . ." ROA, Vol. 3 at 32. This is neither precise nor definite. The government did not explicitly tell the court it was objecting, nor did it indicate it was seeking a ruling of any kind. See U.S. Aviation Underwriters, Inc. v. Pilatus Business Aircraft, Ltd., 582 F.3d 1131, 1142 (10th Cir. 2009). Because this "objection" falls short of the conspicuous objection we require to preserve an issue for appeal, it too is entitled to nothing more than plain error review.

6

552 U.S. 38, 51 (2007). He is also correct that the decision of whether to impose concurrent or consecutive sentences is left to the district court's discretion. See 18 U.S.C. § 3584. However, "[w]e will only step in and find error when the record gives us reason to think that our ordinary presumption that the district judge knew and applied the law is misplaced." United States v. Benally, 541 F.3d 990, 997 (10th Cir. 2008) (internal quotation marks and citation omitted); see also United States v. Ruiz-Terrazas, 477 F.3d 1196, 1201 (10th Cir. 2007).

Here, the record gives us no indication that the district court misunderstood or misapplied the law. The district court made its comment during the government's argument at sentencing, and more specifically, right after the government had finished discussing Gallegos-Garcia's general disrespect for the law and disregard for the sentences imposed on him. Given the timing and circumstances surrounding the court's comment, it is unlikely the court intended the comment as an indication of the scope of its authority. The more reasonable inference to be drawn from the court's statement is that the court agreed with the government; it too thought concurrent sentences were inappropriate in this case.

Moreover, when looking at the record as a whole, it is clear the district court did not misunderstand its authority to impose concurrent or consecutive sentences. Rather, the record shows that the court not only understood it had the authority to impose concurrent sentences, but that it specifically chose not to do so. See ROA, Vol. 3 at 40. This is evidenced by the district court's explanation of why it was imposing consecutive

7

sentences:

> It is the intention of the Court by these sentences that each of the two supervised release violations shall be consecutive to the sentence imposed in the substantive case, as well as consecutive to one another in the—one after another in the supervised violation reports.
>
> And the reason I am doing that rather than just totaling it and making a concurrent sentence of a higher sentence is because I think each violation should be recognized as a separate violation of law.

Id. Had the district court thought it lacked the authority to impose concurrent sentences, there would have been no reason for the court to explain why it chose the sentence it did. The court did not misunderstand its authority, nor did it commit any error.

**B**

Gallegos-Garcia separately argues that the district court erred by failing to consider the factors set out in 18 U.S.C. § 3553(a) when imposing consecutive sentences, as is required by 18 U.S.C. § 3584(b).[2] However, Gallegos-Garcia abandons this argument in his reply brief, noting that the "only error" raised in this appeal is whether the district court mistakenly thought the sentences had to run consecutively. See Aplt. Reply Br. at 2. He also fails to mention this argument in his statement of issues or to cite any case law supporting his position in his opening brief. Such inadequately presented arguments do not merit appellate review. See Bronson v. Swensen, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that . . . are

---

[2] Section 3584(b) provides: "The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)." 18 U.S.C. § 3584(b).

8

inadequately presented[] in an appellant's opening brief); <u>Utah Envtl. Cong. v. Bosworth</u>, 439 F.3d 1184, 1192 n.2 (10th Cir. 2006) (an issue "vaguely" asserted in a party's opening brief, but not addressed, is deemed waived).

Nevertheless, even if we were to reach the merits of this argument, Gallegos-Garcia still would not prevail. Because Gallegos-Garcia failed to object to his sentence before the district court, our review is again only for plain error. <u>See</u> <u>Romero</u>, 491 F.3d at 1178. Initially, we note that Gallegos-Garcia is correct that § 3584(b) directs a sentencing court to consider the factors set out in § 3553(a) when determining whether to impose concurrent or consecutive terms of imprisonment, <u>see</u> 18 U.S.C. § 3584(b), and he is also correct that the district court did not specifically mention the § 3553(a) factors when imposing its sentences. However, what Gallegos-Garcia fails to mention is that a "sentencing court is not required to consider individually each factor listed in § 3553(a)," nor is it required to "recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider" before imposing a sentence. <u>United States v. Rodriguez-Quintanilla</u>, 442 F.3d 1254, 1258-59 (10th Cir. 2006) (internal quotation marks and citation omitted).

In this case, the district court adequately considered the relevant sentencing factors. The court made note of Gallegos-Garcia's lack of respect for the law, his repeated illegal reentry convictions, and his failure to take advantage of any of the education or job training facilities that were available to him while he was serving his prior prison sentences. <u>See</u> ROA, Vol. 3 at 35-37. These concerns relate directly to "the

nature and circumstances of the offense" and "the history and characteristics of the defendant," two relevant considerations under § 3553(a).  See 18 U.S.C. § 3553(a)(1). Moreover, the court also expressed concern regarding the need to provide adequate deterrence and respect for the law, and the public cost incurred as a result of Gallegos-Garcia's actions.  See ROA, Vol. 3 at 35-36.  Again, these concerns relate to several of the § 3553(a) factors.  See 18 U.S.C. § 3553(a)(2)(A)-(C) (noting that courts must consider "the need for the sentence imposed . . . to reflect the seriousness of the offense, . . . promote respect for the law, . . . afford adequate deterrence . . . [and] protect the public from further crimes of the defendant").  Thus, while the district court did not explicitly reference any of the § 3553(a) factors, we are confident it considered them in sentencing Gallegos-Garcia.  Because Gallegos-Garcia cannot prove the existence of an error, he cannot prevail under plain error review.

## III

Having concluded that the district court did not commit any errors, we AFFIRM.


Entered for the Court


Mary Beck Briscoe
Chief Judge

10