FILED
United States Court of Appeals
Tenth Circuit

January 18, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TIMOTHY FULTON, a/k/a Sid,

    Defendant - Appellant.

No. 18-1149
(D.C. No. 1:10-CR-00082-CMA-3)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HARTZ**, **McHUGH**, and **CARSON**, Circuit Judges.[**]

_____

Defendant Timothy Fulton admitted to violating the conditions of his supervised

release.  The district court sentenced him to 27 months imprisonment.  On appeal,

Defendant's counsel filed an Anders brief and moved to withdraw as counsel.  See

Anders v. California, 386 U.S. 738 (1967).  We received no response from Defendant,

and the government also declined to file a response.  For the reasons set forth below, we

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]After examining the appellant's brief and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument.

discern no meritorious issues for appeal, and we therefore grant the motion to withdraw and dismiss the appeal.

## I.

In January 2011, the district court sentenced Defendant to 64 months imprisonment, followed by five years of supervised release. Defendant committed multiple drug offenses, the most serious offense being a Class A felony. Defendant's five-year period of supervised release began in June 2014. In March 2018, United States Probation and Pretrial Services ("Probation") filed a superseding petition for action of the Court due to cause, alleging that Defendant possessed with intent to distribute and distributed cocaine base on four different occasions, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Probation also alleged that Defendant possessed controlled substances that a physician did not prescribe to him.

Based on the allegations and Defendant's Class A felony conviction, Probation recommended that Defendant receive 27 months imprisonment and no period of supervised release to follow. Because Defendant's most serious violation of his supervised release was a Grade A violation, and his criminal history category was II, his advisory United States Sentencing Guideline range was 27 to 33 months imprisonment. Thus, Probation recommended a sentence at the low-end of the Guideline range.

Defendant filed a "Notice of Intent Not to Contest Supervised Release Violation Petitions." Instead, Defendant intended to make an oral presentation to the district court regarding his sentence. Defendant also wanted his father and his girlfriend to address the district court on his behalf at sentencing.

The district court held a supervised release revocation hearing in April 2018. At the hearing, Defendant admitted the allegations in the petition. He did not object to the Supervised Release Violation Report. Defendant acknowledged that he understood the court could revoke his supervised release if it found he had violated his conditions of supervised release. Defendant further stated he understood that the Guidelines recommended that the district court revoke his supervised release. Defendant waived his right to a hearing on the petition and willingly gave up the constitutional rights he would otherwise have in such a hearing.

The district court proceeded to sentence Defendant. The district court, however, did not allow anyone other than Defendant or his counsel to address the court. Defendant's counsel requested that Defendant receive credit for the "six plus" months he had been in custody and that he be placed on supervised release. The district court characterized this request as a variance. The government supported Probation's recommendation of 27 months. After considering the Chapter 7 policy statements, as well as the factors specified in 18 U.S.C. § 3583(e), the district court revoked Defendant's supervised release and sentenced him to 27 months imprisonment with no supervised release to follow.

II.

Anders allows a court-appointed defense counsel to "request permission to withdraw [from an appeal] where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005) (citing Anders, 386 U.S. at 744). Pursuant to this process,

3

the defendant's counsel submits a brief to the client and the court indicating any potential appealable issues based on the record.  Id.  At that point, the defendant may choose to submit arguments to the court.  Id.  We must then conduct a full examination of the record, making our own determination whether Defendant's claims are wholly frivolous.  Id.  After examining the record, if we determine the appeal is frivolous, we may grant counsel's motion to withdraw and dismiss the appeal.  Id.

In the Anders brief, Defendant's counsel notes that although the district court's sentence was presumptively reasonable, the district court: (1) may not have given full consideration to the mitigating evidence Defendant offered, and (2) may have abused its discretion by preventing Defendant's family members from speaking at the revocation hearing.  After conducting a full examination of the record, we agree with counsel's conclusion that no basis in law or fact exists for either of these arguments.

The factors set forth in 18 U.S.C. § 3553(a) and enumerated in 18 U.S.C. § 3583(d) guide the discretion afforded a district court when it revokes a defendant's supervised release and imposes a sentence.  United States v. White, 244 F.3d 1199, 1204 (10th Cir. 1999).  Although the district court did not explicitly reference the § 3553(a) factors, it acknowledged that it had to consider those factors.  Additionally, the court made clear that it had considered the Chapter 7 policy statements, as well as the factors specified in 18 U.S.C. § 3583(e).  Section 3583(e) explicitly states that the district court must consider the factors set forth in §3553(a) before revoking a term of supervised release.  The district court listened to and acknowledged Defendant's lengthy allocution covering allegedly mitigating evidence.  It also listened to the arguments of counsel,

4

which the court expressly acknowledged requested a downward variance. "[W]e do not demand that the district court recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider." United States v. Rodriguez-Quintanilla, 442 F.3d 1254, 1258–59 (10th Cir. 2006) (internal quotation marks omitted). The district court provided an adequate explanation for the sentence it imposed. We, like counsel, can discern no basis on which to conclude that the district court abused its discretion by declining to render a lesser sentence.

Next, Defendant argues that the district court may have abused its discretion by preventing Defendant's family from speaking at the revocation hearing. We disagree. Federal Rule of Criminal Procedure 32(i)(4) governs the opportunity to speak at a sentencing hearing. That Rule provides that before imposing a sentence, the district court must provide the defendant's attorney an opportunity to speak on the defendant's behalf and must address the defendant personally in order to permit the defendant to speak or present any information that may mitigate the sentence. Rule 32(i)(4) also provides an opportunity for the government's attorney to speak and for any victim to speak.

Under 18 U.S.C. § 3661, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. Consistent with this principle, the Supreme Court has stated that sentencing courts have broad discretion to consider various kinds of information. United States v. Watts, 519 U.S. 148, 151 (1997). Because Rule 32(i)(4) does not expressly prohibit family members and friends from speaking at a sentencing

hearing, the district court could have allowed them to do so.  But the district court did not abuse its discretion by refusing to allow Defendant's friends and family to speak at the hearing.  The Rule required the district court to hear from the Defendant and his attorney, and it did.  Because the Court individually assessed the Defendant and his characteristics, we do not require it to take additional testimony if it has the information necessary to impose a sentence sufficient but not greater than necessary to comply with the sentencing factors set forth in 18 U.S.C. § 3553(a).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.

Entered for the Court


Joel M. Carson III
Circuit Judge